In the Matter of the Application of W. S. K. LAND DEVELOPMENT Co., INC., for Payment of Award Made for Parcel No. 102, on the Damage Map and in the Final Decree of the Supreme Court as to Damage and Benefit in the Proceedings to Acquire Title to the Real Property Required for the Opening and Extending of Union Turnpike from Grand Central Parkway to City Line, etc., in the Borough of Queens, City of New York. In the Matter of the Application of GROSS-MORTON CORPORATION for Payment of Award Made for Parcel No. 102, on the Damage Map and in the Final Decree of the Supreme Court as to Damage and Benefit in the Proceeding to Acquire Title to the Real Property Required for the Opening and Extending of Union Turnpike from Grand Central Parkway to City Line, etc., in the Borough of Queens, City of New York. W. S. K. LAND DEVELOPMENT Co., INC., Appellant; GROSS-MORTON CORPORATION, Respondent.— In the matter of conflicting claims to an award for property taken by the city of New York, order denying the application for payment, made by the W. S. K. Land Development Co., Inc., and order directing payments thereof to the Gross-Morton Corporation, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.

WILLIAM E. KING, Respondent, v. LEON DARU and Others, Defendants, and CLARA SHERMAN, Appellant.— In an action brought for the foreclosure of a mortgage on real property, order granting plaintiff's motion to confirm the report of an official referee as to the fair market value of the mortgaged premises on the day of the sale in foreclosure reversed on the law, with ten dollars costs and disbursements, and the proceeding remitted to the Special Term for a new hearing there or before an official referee to be appointed. The record discloses (1) error on the part of the learned official referee in excluding from his consideration certain evidentiary elements entering into the ascertainment of the value of the mortgaged premises, which elements have been declared by authority to be competent as evidence (*Heiman* v. *Bishop*, 272 N. Y. 83; *President, etc., of Manhattan Co.* v. *Premier Bldg. Corp.*, 247 App. Div. 297); and (2) further error on his part in excluding the testimony of the expert witness Edward B. Morris as to value. Although that witness " never had sales " in the neighborhood, he was shown otherwise to be qualified to testify. (1 Wigmore on Evidence, § 714, subds. 2, 3 and 4.) His lack of experience with actual sales in the neighborhood of the mortgaged premises had a bearing on the weight to be given to his testimony, but did not disqualify him as an expert witness on the subject of value. Carswell, Davis, Adel and Taylor, JJ., concur; Hagarty, J., dissents and votes to affirm.

RAE MAGORY, Respondent, v. HENRY B. SWARTWOUT, Appellant.— In an action to recover for damage to plaintiff's automobile, judgment of the County Court of Orange county in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ.