CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee under the Will of SELMAR HESS, Deceased, Appellant, *v.* CLARA EISNER, Defendant, and JAMES J. CONWAY, as Guardian ad Litem for PEARL WEISS, et al., Respondents.

Argued October 15, 1937; decided November 23, 1937.

*Henry A. Ingraham, Abram I. Elkus* and *Robert L. Reed* for appellant. The lower court erred in denying appellant's motion to confirm the report of the official referee and improperly determined the value of the premises on the basis of independent and unsolicited inquiries of the court outside of the testimony and by taking unrequested judicial notice after the hearings were closed of alleged facts appearing in another proceeding not alluded to in the testimony and not directly having to do with the real property in question. (*Southern Shipyard Corp.* v. *Tug Boat Summitt,* 294 Fed. Rep. 284; *Gibson* v. *Von Glahn Hotel Co.,* 185 N. Y. Supp. 154; *Bradish* v. *Skelly,* 222 N. Y. Supp. 696; *Matter of Manderson,* 51 Fed. Rep. 501; *New York Life Ins. Co.* v. *Guttag Corp.,* 265 N. Y. 292; *Voorhees* v. *Voorhees,* 39 N. Y. 463; *Mills* v. *Davis,* 113 N. Y. 243; *President of Manhattan Co.* v. *Premier Building Corp.,* 247 App. Div. 297; *Schnur Realty Co.* v. *906 Intervale Ave. Realty Corp.,* 274 N. Y. 518; *Heiman* v. *Bishop,* 272 N. Y. 83; *Hoard* v. *Luther,* 251 App. Div. 692; *Ostrander* v. *Simon,* 243 App. Div. 668; *Fulton Trust Co.* v. *Kraft,* 155 Misc. Rep. 769; *Metropolitan Life Ins. Co.* v. *Whipple,* 246 App. Div. 863.)

*Max H. Zabronsky* for Chase National Bank of the City of New York et al., Respondents. The decision of the lower court denying appellant's motion to confirm the report of the official referee, and fixing the fair and reasonable market value of the mortgaged premises at a figure which left no deficiency judgment, was properly

arrived at and is amply supported by the evidence. (*Mason* v. *Mason*, 220 App. Div. 15; *Matter of O'Connor*, 159 Misc. Rep. 522; *Matter of Barnum*, 240 App. Div. 803; *Corn Exchange Bank Trust Co.* v. *Eckenberg*, 161 Misc. Rep. 62; *Southern Shipyard Corp.* v. *Tug Boat Summitt*, 294 Fed. Rep. 284; *Manuta* v. *Lazarus*, 104 Misc. Rep. 134; *Springer* v. *Chicago*, 135 Ill. 552; *Pike* v. *Chicago*, 155 Ill. 656; *Washburn* v. *Milwaukee R. R. Co.*, 59 Wis. 364.)

HUBBS, J. In this action to foreclose a mortgage, a motion was made for a deficiency judgment. Conflicting affidavits were presented as to the value of the property and it was referred to an official referee " to take testimony as to the fair market value of the premises and report the same to this court, together with his opinion."

The referee reported that, in his opinion, the fair market value of the property was $9,800. A motion having been made at Special Term to confirm the referee's report, the justice presiding viewed the premises, and wrote an opinion in which he referred to the fact that the referee based his findings largely on the selling price in 1934 of two parcels on the same block, that no facts as to these sales were brought out and stated that slight inquiry revealed that one was a resale by the former holder of the property who bid it in at foreclosure. He also referred to condemnation proceedings in 1931 affecting property within a few hundred feet of the premises under consideration and to the fact that the plaintiff trustee extended the mortgage being foreclosed in 1930 and again in 1934. He then stated that after reading all the papers submitted and viewing the property the court found that it could not agree with the learned referee. The motion to confirm the referee's report was denied and the court fixed the value of the premises at $12,000.

Section 1083-a of the Civil Practice Act provides that on a motion for leave to enter a deficiency judgment in a mortgage foreclosure action the court " shall determine, upon affidavit or otherwise as it shall direct, the fair and

reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment."

The statute places upon the court the responsibility of determining the market value. In this instance the court, faced with a conflict in the affidavits submitted, referred it to an official referee to take testimony and report with an opinion as to fair market value. Nothing in the statute makes binding upon the court the opinion of an official referee and nothing in the statute limits the court to a consideration of the testimony produced before an official referee. Such testimony becomes an added element of proof to be considered by the court. If there is in the record, including the affidavits and the testimony, evidence sufficient to make a question of fact, the decision of the Special Term unanimously affirmed by the Appellate Division becomes binding on this court.

The statute provides that the court " shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value." The statute does not mean that the court may determine the " reasonable market value " upon personal knowledge or upon information received from sources outside the record.

The right to a deficiency judgment and its amount depends upon the finding of the " reasonable market value " of the premises involved in the mortgage foreclosure action. The amount involved in many cases is large. In some cases the issue may be so simple that a court may be justified in determining it upon affidavits. If, however, a triable issue as to " reasonable market value " is presented, that issue should not be decided upon affidavits, but by the court or a referee, so that the witnesses may be subject to observation and cross-examination. ( New York Life Ins. Co. v. Guttag Corp., 265 N. Y. 292.)

If such an issue should not oe decidea upon affidavits, much less should it be determined or influenced by the

personal knowledge of the presiding justice or upon information obtained by him by personal investigation outside of the hearing in court and not embodied in the record. If such procedure is followed, the parties are deprived of the valuable right of cross-examination and an opportunity to present evidence in opposition. If a justice is not satisfied with the findings and conclusion of a referee, he may take additional evidence and make new findings. The findings should, however, be based upon the record so that it may be reviewed if one of the parties feels aggrieved.

In the case at bar the written opinion of the learned justice discloses that he viewed the property, made inquiry which disclosed that a former holder of a mortgage of the property, who bid it in, made a resale. The price received upon such resale constituted part of the evidence received by the referee. The opinion also recites that in a street widening proceeding the city awarded from two dollars to two dollars and seventy-five cents a square foot for property within a few hundred feet of the premises here involved; also that the plaintiff extended the time of payment of the mortgage in 1930 and 1934. No evidence of those facts appears in the record and the appellant had no opportunity to introduce evidence in opposition.

It is elementary that a judge should not decide an issue upon personal knowledge of facts outside the record or upon information received upon personal investigation. (*Brown* v. *Piper*, 91 U. S. 37; *Southern Shipyard Corp.* v. *Tugboat Summitt, Inc.*, 294 Fed. Rep. 284; *Matter of Manderson*, 51 Fed. Rep. 501; *Gibson* v. *Von Glahn Hotel Co.*, 185 N. Y. Supp. 154; 15 R. C. L. p. 1111; *McCamman* v. *Davis*, 162 Mich. 435.)

The orders should be reversed and the matter remitted to the Special Term for a further hearing, with costs in all courts to the appellant.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders reversed, etc.