■ BROWARD NATIONAL BANK OF FORT LAUDERDALE, as Ancillary Executor of MABLE M. WITZLEBEN, Deceased, Respondent, v. MATTHEW S. STARZEC et al., Appellants, et al., Defendants.— REYNOLDS, J. Appeal from an order of the Supreme Court, Warren County, which granted respondent's motion for a deficiency judgment of $52,791.76 against the appellants in a mortgage foreclosure action. On November 30, 1966, respondent commenced an action to foreclose a mortgage dated the 18th day of January, 1962, in the principal sum of $75,000 held by it upon a certain parcel of property known as the Northwoods Dude Ranch located on Route 9-N between Lake George and Lake Luzerne in the Town of Lake Luzerne. This proceeding resulted in a judgment entitling respondent to $75,875.85. On September 8, 1967 a public sale of the premises was conducted and the property was sold to respondent, the highest bidder, for $25,000. Thereafter respondent made a motion to confirm the Referre's report of sale and for leave to enter a deficiency judgment in the amount of $52,791.76 against appellants Matthew and Carrie Starzec, and Avery and Laura Bullock. In support of said motion, respondent submitted the affidavit of Desmond P. Sullivan, an associate in the firm of Miller and Mannix, the attorneys for plaintiff in the foreclosure action. In that affidavit, Mr. Sullivan stated that the high bid of $25,000, received at the public sale, represented the reasonable market value of the premises. Submitted in opposition to said motion were an affidavit of appellant Carrie Starzec, who valued the premises at $90,000, and one from Richard Sehlmeyer, a local real estate broker, who valued the same at $87,000. Special Term, on the basis of these affidavits, ordered that judgment in the sum of $52,791.76 be entered against the defendants and the instant appeal from that order followed. Appellants urged that the affidavit submitted by respondent was insufficient to establish the value of the premises as required by section 1371 of the Real Property Actions and Proceedings Law on the grounds that Sullivan's affidavit did not adequately indicate that he was qualified to render

an opinion as to value and that, in any event, the mere submission of an unsupported affidavit from an attorney representing one of the parties is not sufficient to satisfy the statute. Additionally, it is argued that in view of the discrepancy between the affidavits a triable issue as to reasonable market value exists which should be decided only after a hearing and not solely on the submission of affidavits. In our opinion appellants are correct in this latter contention. It is well settled that if a triable issue of fact as to reasonable market value is presented, the issue should not be decided upon affidavits alone, but only after a hearing before the court or Referee at which the witnesses can be subjected to cross-examination and observation (*Central Hanover Bank & Trust Co. v. Eisner*, 276 N. Y. 121; *New York Life Ins. Co. v. Guttag Corp.*, 265 N. Y. 292; *Esquire Factors Corp. v. Dica Paper Mfg. Co.*, 9 A D 2d 596; 15 Carmody-Wait 2d, New York Practice, § 92:406). Here the difference in the valuations of the expert opinions submitted and particularly the reference in appellant Carrie Starzec's affidavit to the two sales prices of over $90,000 are sufficient to at least raise issues requiring a hearing. In view of our determination that a hearing is required, we do not pass directly as to the acceptability and sufficiency of Sullivan's affidavit. We would, however, point out that the qualification of a witness who is giving opinion testimony as to property values need not be very great (see 21 N. Y. Jur., Evidence, § 453). He clearly need not be a professional broker. Even his failure to possess experience as to actual sales in the vicinity does not disqualify him as an expert, but merely bears on the weight to be given his testimony, as long as he has some knowledge of the value of property in the general area (see *King v. Daru*, 252 App. Div. 767; 21 N. Y. Jur., Evidence, § 453). Order reversed, on the law and the facts, and a hearing directed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.