■ ERNEST ABDELLA, Appellant, v VERA A. FOLEY et al., Respondents.— Order and judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: Plaintiff brought this action to recover damages occasioned him in the purchase of defendants' residence, alleging that defendants falsely and knowingly represented to him that the property had an abundant supply of well water and that its furnace and electrical wiring were in "tip top" condition. The trial court dismissed the complaint at the close of the evidence for failure to establish a prima facie case. As to the water supply only, that ruling was error. Plaintiff offered proof that the well's capacity was only one and one-half gallons per minute, that defendants knew this because they had recently experienced a pump failure caused by lack of water supply and been so advised by the repairman, that nevertheless defendants represented to plaintiff that the water supply was adequate and that relying upon this representation he purchased the property. Plaintiff further offered evidence that the minimum capacity demanded by lending institutions was five gallons per minute and that the property had a value far less than the $60,000 he paid for it because of the inadequate water supply. This was sufficient to take the issue of fraud to the jury (see *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Chase Manhattan Bank, N. A. v Perla,* 65 AD2d 207; *Terris v Cummiskey,* 11 AD2d 259). We also find that the court abused its discretion in disallowing the testimony of damages by plaintiff's expert, Barnowski, a real estate broker. The evidence was apparently stricken because the broker was not from Herkimer County and had not sold any real property there. He was familiar with plaintiff's property, however, and he was qualified to give an opinion on the standard water capacity required by lending institutions and on the value of the property without an adequate water supply (see *Broward Nat. Bank of Fort Lauderdale v Starzec,* 30 AD2d 603; *King v Daru,* 252 App Div 767; and see, generally, 21 NY Jur, Evidence, § 453). (Appeal from order and judgment of Herkimer Supreme Court—rescission of contract.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.