■ OGDENSBURG SAVINGS AND LOAN ASSOCIATION, Respondent, v CHARLES E. MOORE et al., Appellants, et al., Defendants. — Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), entered February 1, 1983, which granted plaintiff a deficiency judgment against defendants Charles Moore and Patricia Moore. ¶ Defendants Charles and Patricia Moore borrowed $20,000 from plaintiff bank secured by a mortgage, dated August 16, 1974, on their home in the Town of Hammond, St. Lawrence County. They used the mortgage proceeds to purchase a home in Herkimer County. On November 8, 1974, defendants Donald and Jean Raab purchased the Moores' Town of Hammond property and, with plaintiff's consent, assumed the unpaid mortgage thereon. ¶ From September 5, 1979 to October 15, 1981, plaintiff repeatedly communicated with the Raabs, who had moved to Vermont, concerning their failure to make payments due on the mortgage. On June 20, 1980, plaintiff first demanded payment from the Moores of the amount in default. On December 16, 1980 and October 15, 1981, the Moores were notified of plaintiff's intention to foreclose unless payment was made. In the foreclosure action thereafter commenced, neither the Moores nor the Raabs appeared and, on January 29, 1982, a default judgment of foreclosure and sale permitting a deficiency judgment against the Raabs and Moores was entered. A motion by the Moores to vacate the default judgment and allow them to interpose an answer was denied. No appeal was taken, but the order entered thereon directed that notice of any application for a deficiency judgment be furnished to the Moores and stated further that they could raise any defenses as to liability or amount in that proceeding. The mortgaged premises were then sold at public auction to plaintiff for $10,000, that being the highest bid. Plaintiff's subsequent motion to confirm the sale and for leave to enter a deficiency judgment against the Moores and the Raabs in the sum of $10,961.48 with interest was met by the Moores' cross motion to deny the application. County Court considered the various defenses raised by the Moores (viz., Statute of Limitations, laches in commencing the foreclosure, release of the Moores from liability because the terms of payment of the mortgage had allegedly been modified, and the unreasonableness of a market value of $12,000 placed upon the mortgaged premises by plaintiff in arriving at the amount of the deficiency judgment), found them lacking in merit and rejected them. This appeal seeks to bring up for review not only County Court's determination in the deficiency judgment proceeding, but also its earlier refusal to vacate the default judgment. ¶ Because the decree of foreclosure, proclaiming defendants personally liable for any deficiency that remained after the foreclosure sale, precluded defendants, on the application for the deficiency judgment, from presenting any defense which could or should have been interposed prior to the issuance of the decree (*Butterly v Maribert Realty Corp.,* 234 App Div 424, 426, affd 260 NY 554; *Griffo v Swartz,* 61 Misc 2d 504, 508-509; 2A Warren's Weed, New York Real Property [4th ed], Foreclosure of Mortgage, § 17.08), the denial of

the motion to vacate the default was conclusive of the Moores' liability and County Court should not have entertained their arguments respecting their claimed lack of liability. However, since County Court's order giving the Moores permission to raise these issues in the deficiency judgment proceeding may have induced them not to appeal the denial of their motion to vacate the default, which would have been the proper channel by which to have this court review any defenses to liability raised by the Moores, we have studied County Court's holding in this regard and agree that no meritorious defense to the foreclosure action was presented. ¶ However, we do find that a hearing as to the value of the property, for the purpose of determining the amount of the deficiency due, should have been conducted. Since the evidence as to value consisted of two real estate appraisals, one of $12,000 furnished on behalf of plaintiff, whose expert apparently never inspected the interior of the premises, and another of $18,500 produced on behalf of the Moores, a triable issue of fact as to the fair and reasonable market value of the mortgaged premises was presented (*Central Hanover Bank & Trust Co. v Eisner,* 276 NY 121, 124; *Broward Nat. Bank v Starzec,* 30 AD2d 603, 604). ¶ Judgment reversed, on the law, without costs, and matter remitted to County Court of St. Lawrence County for a hearing on the issue of the fair and reasonable market value of the mortgaged premises as of the date said premises were bid in at the foreclosure sale. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.