■ TPZ CORPORATION, Respondent, v BLOCK 7589 CORP., Respondent, VINCENT PARISI et al., Appellants, et al., Defendants. [650 NYS2d 299] —In an action to foreclose a mortgage, the defendants Vincent and Roseanne Parisi and Richard and Patricia Verdi appeal from a judgment of the Supreme Court, Richmond County (Amann, J.), entered June 29, 1995, which confirmed the Referee's report of sale except to the extent that the value of the property at the time of the sale was determined

to be $185,000 instead of $170,000 and awarded a deficiency judgment in favor of the plaintiff-respondent in the principal sum of $214,430.88.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a hearing on the issue of the fair and reasonable market value of the property as of the date of sale.

In June 1991 the plaintiff's predecessor in interest commenced an action to foreclose a mortgage dated December 1, 1989, in the principal amount of $315,000, held by it upon a certain parcel of property situated in Richmond County, New York. That proceeding resulted in a judgment of foreclosure and sale based on a finding that the amount of $337,498.36 was due and owing, together with interest, costs, and disbursements. On September 27, 1994, a public sale was conducted and the property was sold to the plaintiff for $170,000. The plaintiff moved to confirm the Referee's report of sale and for leave to enter a deficiency judgment against all of the defendants. In support of its motion the plaintiff submitted an appraisal which stated that the reasonable market value of the property was $164,000. In opposition to the motion the appellants submitted an appraisal which stated that the reasonable market value of the property was $245,000, and would be significantly higher if income to be generated by a sign rental on the property were taken into account. The court confirmed the Referee's report of sale but determined on the basis of the appraisals that the value of the property as of the date of sale was $185,000 and not $170,000 as found by the Referee.

The appellants contend, *inter alia,* that in view of the conflict between the appraisals, a triable issue of fact exists as to the reasonable market value of the property which should be decided only after a hearing. We agree. It is well settled that if "a triable issue as to the 'reasonable market value' is presented, that issue should not be decided upon affidavits, but by the court or a referee, so that the witnesses may be subject to observation and cross-examination" *(Central Hanover Bank & Trust Co. v Eisner,* 276 NY 121, 124; *see also, Ogdensburg Sav. & Loan Assn. v Moore,* 100 AD2d 679; *Broward Natl. Bank v Starzec,* 30 AD2d 603). Here, the difference between the submitted appraisals is sufficient to raise an issue requiring a hearing. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.