■ ATLANTIC BANK OF NEW YORK, Respondent, v DONALD S. WEISS, Appellant, et al., Defendants. [651 NYS2d 73] —In an action to foreclose a mortgage on real property, the defendant Donald S. Weiss appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated January 4, 1996, which, *inter alia,* is in favor of the plaintiff and against him in the principal sum of $110,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced the instant action to foreclose a mortgage executed by the appellant. The appellant declined to appear or answer. In August 1993, upon the appellant's default, the plaintiff obtained a judgment of foreclosure and sale in the principal sum of $223,094.72, foreclosing the mortgage executed by the appellant. At the Referee's sale in November 1993, the plaintiff purchased the property for the sum of $100. However, prior to the transfer of title, the plaintiff sought to find a purchaser for the property and, once a purchaser was located, entered into a contract for the assignment of its foreclosure bid. The Referee's deed was delivered to the assignee, Landmark Equities Corp., at the closing on August 22, 1995.

On October 31, 1995, the plaintiff moved for leave to enter a deficiency judgment. The appellant opposed contending, *inter alia,* that the plaintiff had unreasonably delayed the delivery of the deed, and thus should be equitably estopped from securing a judgment for any deficiency. The Supreme Court awarded the plaintiff a deficiency judgment in the principal sum of $110,000. We affirm.

The appellant cannot now be heard to request the intervention of equity, as he was completely remiss in availing himself of the protections afforded by law. His dilemma was self-created by his default in appearing in the foreclosure action *(see, Brandenberg v Tirino,* 66 Misc 2d 193, 197).

Furthermore, the plaintiff complied with the specific time limitation in RPAPL 1371. It is undisputed that the Referee's deed was delivered to Landmark Equities Corp. on August 22, 1995, and that the plaintiff made its motion for leave to enter a deficiency judgment on October 31, 1995, within the 90-day limitations period *(see,* RPAPL 1371 [2]; *Voss v Multifilm Corp.,* 112 AD2d 216, 217).

The appellant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.