■ COLUMBUS REALTY INVESTMENT CORPORATION, as Assignee of the BANK OF NEW YORK, Appellant, v HARRISON M. GRAY et al., Defendants, and NICHOLAS KATOS, Respondent. [658 NYS2d 685] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 10, 1996, as denied that branch of its motion which was for leave to enter a deficiency judgment.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for leave to enter a deficiency judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of the fair and reasonable market value of the mortgaged premises as of the date of the foreclosure sale and the entry of an appropriate deficiency judgment.

In the instant mortgage foreclosure action, the Referee computed the amount due to the plaintiff to be $608,677.35. At the ensuing foreclosure sale, which occurred on July 26, 1995, the plaintiff, as assignee of the mortgagee, was the successful bidder in the amount of $150,000. The plaintiff's appraiser opined that the fair market value of the mortgaged premises as of August 11, 1995, about two weeks after the foreclosure sale, was $170,000, which, after being reduced by unpaid taxes and liens in the amount of $16,094.29, resulted in a "fair value" of $153,905.71.

In denying the branch of the plaintiff's motion which was for leave to enter a deficiency judgment in the amount of $454,771.64 (i.e., $608,677.35 - −$153,905.71), the Supreme Court held that the plaintiff's bid was commercially unreasonable since it had relied "on a claim of a depressed market, yet six (6) months from now the opposite may be true".

The Supreme Court erred in denying the plaintiff's motion on this ground. "[A] mortgagee is entitled to a deficiency judgment equal to the amount of the indebtedness, less the sale price of the property or the fair market value, whichever is higher" (*Marine Midland Bank v Harrigan Enters.*, 118 AD2d 1035, 1037). Generally, a court must determine "the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction" (RPAPL 1371 [2]; *see also, Farmers Natl. Bank v Tulloch*, 55 AD2d 773; *Crossland Mtge. Corp. v Frankel*, 192 AD2d 571). Moreover, there is nothing in this record which would warrant the court to set aside the foreclosure sale (*see, Guardian Loan Co. v Early*, 47 NY2d 515; *Crossland Mtge. Corp. v Frankel, supra; Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400). However, a hearing as to the value of the property, for the purpose of determining the amount of the deficiency due, should have been conducted. Since the evidence as to value consisted of two real estate appraisals, one submitted on behalf of the plaintiff in the amount of $170,000 before deducting unpaid taxes, and another submitted on behalf of the defendant Katos in the amount of $388,000 (i.e., an amount still less than the debt owed), a triable issue of fact was presented as to the fair and reasonable market value of the mortgaged premises at the time of the sale which can only be resolved at an evidentiary hearing (*see, Ogdensburg Sav. & Loan Assn. v Moore*, 100 AD2d 679; *Broward Natl. Bank v Starzec*, 30 AD2d 603).

Accordingly, the matter is remitted for a hearing on this issue and the entry of an appropriate deficiency judgment in the plaintiff's favor. Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.