■ SARASOTA, INC., Doing Business as CREDIT CONTROL MANAGEMENT, Appellant, v HOMESTEAD ACRES AT GREENPORT, INC., et al., Respondents, et al., Defendants. [670 NYS2d 878] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 12, 1997, as denied that branch of its motion which was for leave to enter a deficiency judgment against the defendants Homestead Acres at Greenport, Inc., and Schabse Gordon.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendants Homestead Acres at Greenport, Inc., and Schabse Gordon is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of the fair and reasonable market value of the mortgaged premises as of the date of the foreclosure sale, and the entry of an appropriate deficiency judgment.

We agree with the appellant's contention that the Supreme Court erred in denying that branch of the appellant's motion which was for leave to enter a deficiency judgment because the motion papers were served upon the receptionist who worked in the building where the respondents' attorney's office was located. Since it is undisputed that the respondents' attorney received actual, timely notice of the motion, service of the papers upon the receptionist was sufficient to satisfy the requirement set forth in RPAPL 1371 (2) that notice of a motion to recover a deficiency be "personally served" upon the mortgagee's attorney (*see, Columbus Realty Inv. Corp. v Weng-Heng Tsiang,* 226 AD2d 259; *Roosevelt Sav. Bank v Tsotsos,* 215 AD2d 547). "Where actual notice has been timely received, substantial compliance with [RPAPL 1371 (2)] is all that is

required" (*Heritage Sav. Bank v Grabowski,* 70 AD2d 989, 990, citing *Catholic Women's Benevolent Legion v Burke,* 253 App Div 261, 264).

However, since the evidence submitted by the appellant regarding the value of the mortgaged premises at the time of sale is not determinative of the issue, a hearing should be conducted to determine the amount of the deficiency due (*see, Columbus Realty Inv. Corp. v Gray,* 240 AD2d 529; *Ogdensburg Sav. & Loan Assn. v Moore,* 100 AD2d 679). O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.