■ SAUL S. LeVINE, as Trustee, Respondent, v SANDRA FLYNN et al., Appellants, et al., Defendants. [675 NYS2d 883] —In an action to foreclose a mortgage, the defendants Sandra Flynn and Herbert Lindo appeal from a judgment of the Supreme Court, Nassau County (Collins, J.), entered October 1, 1997, which, *inter alia,* confirmed the Referee's report of sale as amended, and was in favor of the plaintiff and against them in the principal sum of $90,519.74.

Ordered that the judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of the fair and reasonable market value of the mortgaged premises as of the date of the foreclosure sale.

We reject the appellants' contention that the plaintiff's motion for a deficiency judgment was untimely, as the plaintiff made the subject motion "within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser" (RPAPL 1371 [2]; *see, Atlantic Bank v Weiss,* 234 AD2d 240; *cf., National Bank v Betar,* 207 AD2d 610).

However, the appellants correctly contend that the court erred in determining "the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction" (RPAPL 1371 [2]) without conducting a hearing. The plaintiff and the appellants submitted conflicting affidavits of appraisal as to the value of the property. Therefore, "a triable issue of fact was presented as to the fair and reasonable market value of the mortgaged premises at the time of the sale which can only be resolved at an evidentiary hearing" (*Columbus Realty Inv. Corp. v Gray,* 240 AD2d 529, 530; *see, Ogdensburg Sav. & Loan Assn. v Moore,* 100 AD2d 679; *Broward Natl. Bank v Starzec,* 30 AD2d 603). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.