■ TRUSTCO BANK, NATIONAL ASSOCIATION, Formerly Known as TRUSTCO BANK NEW YORK, Respondent, v 400 DELAWARE AVENUE PROPERTY COMPANY et al., Appellants, et al., Defendant. [681 NYS2d 404] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered July 9, 1997 in Albany County, which, *inter alia,* settled the receiver's accounting and fixed his commission, (2) from an order of said court, entered December 16, 1997 in Albany County, which, *inter alia,* granted plaintiff's motion for a deficiency judgment, (3) from an order of said court, entered March 10, 1998 in Albany County, which partially granted defendants' motion for leave to reargue, (4) from an amended order of said court, entered April 6, 1998 in Albany County, which granted defendants' motion to amend the deficiency judgment, and (5) from the deficiency judgment entered thereon.

The instant mortgage foreclosure action involves an indebtedness originally in the amount of $1,600,000 secured by two separate properties in the City of Albany. The first property consists of two adjacent apartment buildings located at 400 Delaware Avenue and 27 Stanwix Street (hereinafter the Delaware Avenue property) containing a total of 47 apartments. The second property consists of three connecting walk-up apartment buildings located at 24, 26 and 28 Dana Avenue (hereinafter the Dana Avenue property) containing a total of 42 apartments. There is no dispute that the Delaware Avenue property is the nicer of the two properties.

During the pendency of the foreclosure action, Supreme Court appointed one receiver of rents for both properties. The receiver's decision to shut down the Dana Avenue property for safety reasons and because it was incurring expenses in excess of revenues is the principal basis for objections by defendants 400 Delaware Avenue Property Company, Dana Apartments

Company and Paul S. Hudson (hereinafter collectively referred to as defendants) to the order approving the receiver's accounting, fixing his commission and discharging his bond. Because our review of the record reveals that the receiver "acted in good faith, with care and prudence commensurate with the situation as it existed at the time" (*149 Clinton Ave. N. v Grassi,* 51 AD2d 502, 506), we find no basis to disagree in any respect with the order of Supreme Court entered July 9, 1997.

The remaining orders on appeal all relate to Supreme Court's finding that a deficiency judgment should be entered against defendants in the amount of $514,165,96. At the foreclosure sale plaintiff bid $900,000 for the Delaware Avenue property and $150,000 for the Dana Avenue property. Supreme Court's assessment of the amount of the deficiency judgment is predicated upon the written appraisals submitted by plaintiff valuing the Delaware Avenue property at $825,000 at the time of sale and the Dana Avenue property at $415,000 at the time of sale, totaling $1,240,000. Without conducting a hearing on this issue, Supreme Court implicitly rejected the written appraisals submitted by defendants which had been prepared by a member of the Appraisal Institute and which valued the mortgaged premises at $1,100,000 and $595,000, respectively, totaling $1,695,000. Because we find that Supreme Court should have conducted an evidentiary hearing on the fair market value of the mortgaged premises when presented with these conflicting affidavits, we reverse the remaining orders and the judgment entered thereon and remit the matter for an evidentiary hearing solely on the issue of the fair market value of the mortgaged premises at the time of the foreclosure sale (*see, LeVine v Flynn,* 252 AD2d 543; *Columbus Realty Inv. Corp. v Gray,* 240 AD2d 529; *Ogdensburg Sav. & Loan Assn. v Moore,* 100 AD2d 679).

Two other minor matters merit brief discussion. First, we disagree with defendants' contention that they are entitled to a credit against the amount of any potential deficiency judgment for the amount of interest and penalties that accrued on unpaid real property taxes during the term of the receivership since most of the taxes in question accrued prior to the appointment of the receiver. Second, we agree with defendants that each of the properties should be analyzed separately for the purpose of determining the amount of any deficiency judgment. Supreme Court should determine the higher of the fair market value for the Delaware Avenue property or $900,000, the amount bid for that property at the sale, and similarly determine the higher of the fair market value for the Dana Avenue property or

$150,000, the amount bid for that property at the time of sale, as opposed to combining the fair market values of both properties and comparing that figure with the combined bids at the foreclosure sale ($1,050,000). We view this procedure to be more consistent with the dictates of RPAPL 1371. Defendants' remaining contentions have been considered and rejected as without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order entered July 9, 1997 is affirmed, without costs. Ordered that the orders entered December 16, 1997 and March 10, 1998, amended order entered April 6, 1998 and the deficiency judgment entered thereon are reversed, on the law, without costs, and matter remitted to the Supreme Court for a hearing solely on the issue of the fair market value of the mortgage premises as of the date of the foreclosure sale.