■ JORDAN WAND et al., Appellants, v LELAND S. BECK et al., Respondents. [693 NYS2d 615] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated January 20, 1998, which denied the motion of the plaintiffs' decedent for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The appellants' decedent held a second mortgage on property sold at auction in a foreclosure sale. While represented by the defendants, the appellants' decedent obtained a deficiency judgment against the mortgagors upon their default. The mortgagors' subsequent motion to vacate the default was granted on the ground that they had not been personally served as required by statute (*see,* RPAPL 1371 [2]). The appellants' decedent was thereafter precluded from commencing a new action as the statutory 90-day limit had passed.

The Supreme Court properly granted summary judgment to the defendants as the appellants' decedent would not have been successful in the underlying action (*see, Volpe v Canfield,* 237 AD2d 282, 283). Contrary to the appellants' contentions, the Supreme Court correctly relied on the only relevant appraisal of the property at the time of the foreclosure auction and the alleged malpractice. Accordingly, there was no triable issue of fact as to the fair and reasonable market value of the mortgaged premises at the time of the sale (*see, LeVine v Flynn,* 252 AD2d 543; *Columbus Realty Inv. Corp. v Gray,* 240 AD2d 529, 530; *Ogdensburg Sav. & Loan Assn. v Moore,* 100 AD2d 679; *Broward Natl. Bank v Starzec,* 30 AD2d 603). Because the appraisal amount exceeded the amount owed on the property, the appellants' decedent would not have been entitled to a deficiency judgment (*see, Guaranty Trust Co. v Kingscote Realty Corp.,* 260 App Div 1011, *affd* 288 NY 573).

In light of the foregoing, the appellants' remaining contention is academic. Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.