■ MEDALLION AUTO, INC., et al., Respondents, v MARTIN SANDERS et al., Appellants. [707 NYS2d 322] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about July 2, 1999, which, in an action for a *Yellowstone* declaration and related relief, insofar as appealed from as limited by the briefs, granted the branch of defendants' cross motion as sought to substitute the current owner of the leased premises as a defendant in place of the prior owners only to the extent of joining the current owner as an additional defendant, denied the branch of defendants' cross motion as sought to dismiss the complaint pursuant to CPLR 3211 (a) (1), (7), (10) and (c), and, on a search of the record, declared in favor of plaintiffs tenant and subtenant that they were entitled to a 15-day notice to cure the further subletting of the premises without the landlord's approval and that the three-day notice of cancellation served on them was a nullity, unanimously modified, on the law, to substitute the current owner as defendant in place of the prior owners named as defendants, and to amend the declaration so as to provide instead that the further subletting of the premises did not violate paragraph 72 of the subject lease and that the three-day notice of cancellation of the lease served on plaintiffs purportedly pursuant to paragraph 72 was and is null and void, and otherwise affirmed, without costs.

In this declaratory judgment action by plaintiffs tenant and approved subtenant against defendants successive owners of the leased premises, paragraph 72 does not apply to plaintiffs' further subletting of the premises, without the landlord's approval. Rather, read in the context of the lease as a whole, paragraph 72 applies only to transactions with the prior tenant, Simon Abitbol, Star Taxi Management, Inc., or entities related to Simon Abitbol or Star Taxi Management, Inc. If paragraph 72 is ambiguous, it was drafted by the landlord and any ambiguities therein are therefore to be resolved in favor of the tenant (*see, 67 Wall St. Co. v Franklin Natl. Bank*, 37 NY2d 245, 249). Since the unapproved subletting was terminated prior to the rendering of the order on appeal, there was no occasion to declare whether such subletting constituted a breach of other provisions of the lease for which the landlord was entitled to serve a notice to cure, and we modify the declaration of the parties' rights accordingly. We also modify so as to

substitute the current owner as sole defendant in place of the prior owners named as defendants by the complaint, since defendants have established that title to the premises was transferred to the current owner subsequent to the commencement of the action (*see*, CPLR 1018, 1021; Real Property Law § 223), and plaintiffs have not opposed such substitution. Concur—Rubin, J. P., Andrias, Saxe and Buckley, JJ.