■ EAST COAST PROPERTIES, Plaintiff, v LEONIDES V. GALANG et al., Respondents, et al., Defendants. TAMIR SAPIR, Nonparty Appellant. [765 NYS2d 46] —In an action to foreclose a mortgage, Tamir Sapir appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated March 27, 2002, which denied his motion to be substituted as the plaintiff in place of East Coast Properties, to confirm a referee's report of sale, and to direct the entry of a deficiency judgment in his favor and against the defendants Leonides Vidolla Galang and Adoracion C. Galang.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, Tamir Sapir is substituted as the plaintiff herein, the Referee's report of sale is confirmed, and the matter is remitted to the Supreme Court, Queens County, for the entry of a deficiency judgment in favor of Tamir Sapir against the defendants Leonides Vidolla Galang and Adoracion C. Galang in the principal sum of $777,818.74.

The Supreme Court improvidently exercised its discretion in denying that branch of the motion of Tamir Sapir (hereinafter the appellant) which was to be substituted as the plaintiff in this action. The plaintiff, East Coast Properties, assigned its interest in the subject premises to the appellant, and the defendants Leonides Vidolla Galang and Adoracion C. Galang (hereinafter the defendants) did not oppose the appellant's substitution request (*see* CPLR 1018; *Medallion Auto v Sanders,* 272 AD2d 85 [2000]). The Supreme Court also improvidently exercised its discretion in denying that branch of the appellant's motion which was to confirm the Referee's report of sale in the absence of any allegation that the sale of the

premises was improperly conducted *(see United Capital Corp. v 183 Lorraine St. Assoc.,* 267 AD2d 454).

In addition, the Supreme Court erred in refusing to direct the entry of a deficiency judgment in favor of the appellant against the defendants. The appellant presented an appraisal evaluating the market value of the premises on the date of the sale. In opposition, the defendants submitted an unsigned appraisal that addressed the value of the premises several years later. The defendants failed to raise an issue of fact requiring a hearing *(see* RPAPL 1371 [2]; *Wand v Beck,* 262 AD2d 634 [1999]; *cf. TPZ Corp. v Block 7589 Corp.,* 233 AD2d 496).

The defendants correctly contend, however, that the appellant miscalculated the amount of the deficiency judgment to which he is entitled. The evidence establishes that the appellant is entitled to a deficiency judgment in the principal sum of $777,818.74.

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, McGinity and Cozier, JJ., concur.