■ PASQUALE SICURANZA, Appellant, v JOAN McDONALD, Respondent. [921 NYS2d 559]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk

County (Cohalan, J.), dated July 28, 2009, as, upon an order of the same court, also dated July 28, 2009, denying that branch of his motion which was for leave to enter a deficiency judgment pursuant to RPAPL 1371, failed to award him the sum of $88,305.69.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant pursuant to RPAPL 1371 is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment, inter alia, in favor of the plaintiff and against the defendant in the principal sum of $88,305.69.

The plaintiff established his entitlement to a deficiency judgment against the defendant in the principal sum of $88,305.69 with evidence demonstrating, among other things, that the amount of the defendant's indebtedness to him, as of the date of the foreclosure sale on January 9, 2009, was $373,905.69, that he purchased the subject unimproved property at the foreclosure sale for the sum of $285,600, and that the fair and reasonable market value of the subject property as of the date of the foreclosure sale was $225,000 (see RPAPL 1371 [2]; *East Coast Props. v Galang*, 308 AD2d 431, 432 [2003]; *Columbus Realty Inv. Corp. v Gray*, 240 AD2d 529, 530 [1997]; *Marine Midland Bank v Harrigan Enters.*, 118 AD2d 1035, 1037 [1986]). The Supreme Court denied that branch of the plaintiff's motion which was for leave to enter a deficiency judgment on the ground that the plaintiff's bid of $285,600 was commercially unreasonable as of the date of the foreclosure sale because the plaintiff's appraisal report noted that, "with a home on the property . . . the property value could be from $412,000 to $1,000,000." However, it is undisputed that, on the date of the foreclosure sale, the subject property was unimproved, that the plaintiff's appraiser described the subject property as "not buildable," and that the defendant did not submit her own appraisal report. Accordingly, as there was no basis in the record for the Supreme Court to reject the conclusion of the plaintiff's appraiser, who valued the subject unimproved property at $225,000, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment (see RPAPL 1371 [2]; *Columbus Realty Inv. Corp. v Gray*, 240 AD2d 529 [1997]; *cf. Wand v Beck*, 262 AD2d 634 [1999]). Skelos, J.P., Belen, Lott and Cohen, JJ., concur.