■ PEOPLE'S UNITED BANK, Successor by Merger to THE BANK OF SMITHTOWN, Respondent, v LAKEWOOD GARDENS, LLC, et al., Defendants, and ALEXANDER DEROSA, Appellant. [16 NYS3d 62]—

In an action to foreclose a mortgage, the defendant Alexander DeRosa appeals from an order of the Supreme Court, Suffolk County (Collins, J.), dated September 16, 2013, which granted, without a hearing, the plaintiff's motion pursuant to RPAPL 1371 for leave to enter a deficiency judgment in the principal sum of $113,534.14.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the fair and reasonable market value of the subject mortgaged premises as of the date of the foreclosure sale, and a new determination of the plaintiff's motion thereafter.

As the appellant correctly contends, the Supreme Court erred in determining the fair and reasonable market value of the mortgaged premises as of the date those premises were bid on at auction (see RPAPL 1371 [2]) without conducting a hearing. The court's determination was based solely on the appraisal submitted by the plaintiff. However, the appellant submitted a conflicting affidavit and appraisal of the value of the subject property. Although the appraisal conducted by the appellant's appraiser was performed approximately four months after the sale of the property, the appellant's appraiser submitted an affidavit in which he stated that, in his opinion, the value of the property on the date of the sale was the same as its value on the date of the appraisal. Moreover, both parties' appraisers relied on, inter alia, sales of comparable commercial properties during a period of several years prior to the foreclosure sale. Contrary to the plaintiff's contention, the fact that both appraisers relied on sales that took place during the same period of time was before the Supreme Court and may be considered on appeal.

Under the circumstances, although the plaintiff established, prima facie, the fair and reasonable market value of the property on the foreclosure sale date, the appellant raised an issue of fact as to the fair and reasonable market value of the property on the foreclosure sale date, warranting an evidentiary hearing (see Trustco Bank, Natl. Assn. v 400 Delaware Ave. Prop. Co., 256 AD2d 762, 763 [1998]; LeVine v Flynn, 252 AD2d 543, 544 [1998]; Columbus Realty Inv. Corp. v Gray, 240 AD2d 529, 530 [1997]; TPZ Corp. v Block 7589 Corp., 233 AD2d 496, 497 [1996]).

Accordingly, we reverse the order and remit the matter for a hearing to determine the fair and reasonable market value of the subject mortgaged premises as of the date of the foreclo-

sure sale, and a new determination of the plaintiff's motion thereafter. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.