■ NEW YORK COMMERCIAL BANK, Formerly Known as LONG ISLAND COMMERCIAL BANK, Respondent, v 18 RVC, LLC, et al., Appellants, et al., Defendants. [20 NYS3d 633]—

In an action to foreclose a mortgage, the defendants 18 RVC, LLC, and Reza Naghavi appeal (1) from an order of the Supreme Court, Nassau County (Adams, J.), dated November 4, 2013, which granted the plaintiff's motion to confirm a referee's report of sale dated May 21, 2013, and for leave to enter a deficiency judgment in its favor and against them, and denied their cross motion for a framed-issue hearing, and (2), as limited by their brief, from so much of a judgment of the same court dated December 10, 2013, as, upon the order, determined that the fair and reasonable value of the subject premises was $850,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, the order is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 2010, the plaintiff commenced an action against, among others, the defendants 18 RVC, LLC, and Reza Naghavi (hereinafter together the defendants), to foreclose on a property located in Rockville Centre (hereinafter the subject property). Following the entry of a judgment of foreclosure and sale, the subject property was sold at a public auction by a referee on December 18, 2012. The plaintiff subsequently moved to confirm a referee's report of sale dated May 21, 2013, and for leave to enter a deficiency judgment in its favor and against the defendants. In support of its motion, the plaintiff submitted a certified appraisal, which estimated that the fair and reasonable market value of the subject property as of March 28, 2012, was approximately $850,000. The defendants opposed the plaintiff's motion and cross-moved for a framed-issue hearing to determine the fair and reasonable market value of the subject property. In support of its cross motion and in opposition to the plaintiff's motion, the defendants submitted an appraisal review which estimated that the fair and reasonable market value of the subject property as of March 28, 2012, was approximately $1,450,000. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion.

The Supreme Court erred in granting the plaintiff's motion. The lender bears the initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale (*see Flushing Sav. Bank, FSB v Bitar*, 25 NY3d 307, 312 [2015]). Here, the plaintiff failed to establish, prima facie, the fair market value of the subject property as of December 18, 2012, the date of the auction sale (*see* RPAPL 1371 [2]; *Flushing Sav. Bank, FSB v Bitar*, 25 NY3d 307, 312 [2015]; *cf. Columbus Realty Inv. Corp. v Gray*, 240 AD2d 529 [1997]). The appraisal report submitted by the plaintiff, which was prepared without an inspect ion of the interior of the building and did not account for the commercial use of the finished basement, was insufficient to satisfy the plaintiff's initial burden.

However, contrary to the defendants' contentions, they also failed to present sufficient evidence as to the fair market value of the subject property as of the auction sale on December 18, 2012 (*see* RPAPL 1371 [2]; *cf. People's United Bank v Lakewood Gardens, LLC*, 131 AD3d 521, 522 [2015]; *East Coast Props. v Galang*, 308 AD2d 431 [2003]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, we remit the matter to the Supreme Court, Nassau County, to allow the parties to submit additional proof establishing the fair and reasonable market value of the subject property as of the auction sale on December 18, 2012, and thereafter for a new determination of the motion and the cross motion (*see Flushing Sav. Bank, FSB v Bitar*, 25 NY3d at 314). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.