New York Commercial Bank v 18 RVC, LLC (2019 NY Slip Op 04391)





New York Commercial Bank v 18 RVC, LLC


2019 NY Slip Op 04391


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-11946
 (Index No. 6861/10)

[*1]New York Commercial Bank, etc., respondent,
v
18 RVC, LLC, et al., appellants, et al., defendant.


Hirschel Law Firm, P.C., Valley Stream, NY (Daniel Hirschel of counsel), for appellants.
Cullen and Dykman LLP, Garden City, NY (Jocelyn E. Lupetin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants 18 RVC, LLC, and Reza Naghavi appeal from a judgment of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 13, 2016. The judgment, insofar as appealed from, upon an order of the same court dated July 18, 2016, made upon remittitur from this Court by decision and order dated December 9. 2016, (New York Commercial Bank v 18 RVC, LLC, 134 AD3d 787), granting that branch of the plaintiff's motion which was pursuant to RPAPL 1371 for leave to enter a deficiency judgment against those defendants and denying the cross motion of those defendants for a framed-issue hearing, is in favor of the plaintiff and against those defendants in the principal sum of $128,266.61.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In April 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants 18 RVC, LLC, and Reza Naghavi (hereinafter together the appellants). Pursuant to the ensuing judgment of foreclosure and sale, the encumbered commercial property, located in Nassau County, was sold at a public auction on December 18, 2012.
In June 2013, the plaintiff moved to confirm the referee's report of sale dated May 21, 2013, and for leave to enter a deficiency judgment. The appellants cross-moved for a framed-issue hearing to determine the fair and reasonable market value of the property. In an order dated November 4, 2013, the Supreme Court granted the plaintiff's motion and denied the appellants' cross motion. A deficiency judgment in the principal sum of $328,266.61 was entered against the appellants.
On a prior appeal by the appellants, this Court determined that the Supreme Court erred in granting the plaintiff's motion, as the appraisal report it submitted was insufficient to satisfy its initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale (see New York Commercial Bank v 18 RVC, LLC, 134 AD3d 787). This Court further determined that, "contrary to the [appellants'] contentions, they also failed to present sufficient evidence as to the fair market value of the subject property as of the auction sale" (id. at 789). The matter was then remitted to the Supreme Court, Nassau County, "to allow the parties to submit [*2]additional proof establishing the fair and reasonable market value of the subject property as of the auction sale, . . . and thereafter for a new determination of the motion and the cross motion" (id.). Upon remittur, the Supreme Court issued an order dated July 18, 2016, which granted the plaintiff's motion and denied the appellants' cross motion. A deficiency judgment in the principal sum of $128,266.61 was entered against the appellants, and this appeal ensued.
"RPAPL 1371(2) permits the mortgagee in a mortgage foreclosure action to recover a deficiency judgment for the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher" (BTC Mtge. Invs. Trust 1997-SI v Altamont Farms, 284 AD2d 849, 849-850; see Flushing Sav. Bank, FSB v Viegas, 143 AD3d 663, 664). When a lender moves to secure a deficiency judgment against a borrower, "the court . . . shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof" (RPAPL 1371[2]).
"It is the lender who bears the initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale" (Flushing Sav. Bank, FSB v Bitar, 25 NY3d 307, 312; see Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670). RPAPL 1371 does not require the court to hold an evidentiary hearing; however, where "a triable issue as to the reasonable market value is presented, that issue should not be decided upon affidavits, but by the court or a referee, so that the witnesses may be subject to observation and cross-examination" (TPZ Corp. v Block 7589 Corp., 233 AD2d 496, 497 [internal quotation marks omitted]; see Trustco Bank, Natl. Assn. v 400 Delaware Ave. Prop. Co., 256 AD2d 762, 763; LeVine v Flynn, 252 AD2d 543, 544; Columbus Realty Inv. Corp. v Gray, 240 AD2d 529, 530).
In opposition to the plaintiff's prima facie showing as to the fair and reasonable market value of the property as of the date of the auction sale, the appellants failed to raise a triable issue of fact (see Flushing Sav. Bank, FSB v Viegas, 143 AD3d 663; Trustco Bank v DeCaro, 80 AD3d 1094). Despite being given ample opportunity to do so, the appellants failed to submit any additional evidence in support of their cross motion. Rather, the appellants maintained that they would rely upon their previous submission, which this Court previously determined was insufficient to establish the fair market value of the property as of the date of the auction sale. Given the appellants' failure to submit any additional evidence, there was no conflicting evidence, and thus no factual issue to be resolved at a hearing.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was pursuant to RPAPL 1371 for leave to enter a deficiency judgment against the appellants and to deny the appellants' cross motion for a framed-issue hearing.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court