Capital Bank v 868 Little E. Neck Rd. Realty, LLC (2021 NY Slip Op 06983)





Capital Bank v 868 Little E. Neck Rd. Realty, LLC


2021 NY Slip Op 06983


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-00251
 (Index No. 604989/15)

[*1]Capital Bank, etc., respondent, 
v
868 Little East Neck Road Realty, LLC, et al., appellants, et al., defendants.


William C. McCulloh, P.C., West Babylon, NY, for appellants.
Konner, Teitelbaum & Gallagher, New York, NY (Michael A. Gould of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants 868 Little East Neck Road Realty, LLC, William C. McCulloh, and Joseph Giella appeal from a judgment of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated October 24, 2017. The judgment, upon an order of the same court dated October 5, 2017, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against those defendants in the principal sum of $67,840.68, is in favor of the plaintiff and against those defendants in the principal sum of $67,840.68. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is reversed, on the law, with costs, so much of the order as granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment in the principal sum of $67,840.68 against the defendants 868 Little East Neck Road Realty, LLC, William C. McCulloh, and Joseph Giella, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
The plaintiff commenced an action against the defendants 868 Little East Neck Road Realty LLC, William C. McCulloh, and Joseph Giella (hereinafter collectively the defendants), among others, to foreclose a mortgage on real property improved by a residential dwelling and a commercial building. After entry of an order and judgment of foreclosure and sale (one paper), the property was sold at public auction on October 14, 2016, for $355,000, resulting in a deficiency.
The plaintiff thereafter moved, inter alia, for leave to enter a deficiency judgment against the defendants in the sum of $67,840.68. The plaintiff calculated this deficiency by taking the difference between the amount that it was owed as calculated by a referee, and the market value of the property as appraised by its expert at $480,000. The defendants submitted their own appraisal by an expert who opined that the fair market value of the property as of October 14, 2016, was $600,000. The Supreme Court accepted the plaintiff's appraisal, granted its motion, inter alia, for leave to enter a deficiency judgment against the defendants in the requested amount, and thereafter entered a judgment in favor of the plaintiff and against the defendants in the principal sum of $67,840.68. The defendants appeal.
On a motion for a deficiency judgment against a borrower, the lender bears the initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale (see Flushing Sav. Bank, FSB v Bitar, 25 NY3d 307, 312). Here, although the interior of the commercial building was inaccessible, the plaintiff's appraiser could have inspected the interior of the residential dwelling, but failed to do so. Instead, the appraiser made assumptions about the condition of the improvements in the dwelling, and made further assumptions regarding any leases affecting the buildings. Under these circumstances, the appraisal report submitted by the plaintiff was insufficient to satisfy its initial burden (see New York Commercial Bank v 18 RVC, LLC, 134 AD3d 787).
The defendants also failed to present sufficient evidence as to the fair market value of the subject property as of the date of the auction sale, since their appraisal report relied upon unsubstantiated hearsay statements of an unidentified individual regarding the condition of the commercial property (see id.).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, to allow the parties to submit additional proof establishing the fair and reasonable market value of the subject property as of October 14, 2016, and thereafter for a new determination of that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendants (see Flushing Sav. Bank, FSB v Bitar, 25 NY3d at 314).
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court