==================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
------------------------------------------------------------------
No. 84
Flushing Savings Bank, FSB,
          Appellant,
        v.
Pierre Bitar, &c.,
          Respondent,
et al.,
          Defendants.

          Laurel R. Kretzing, for appellant.
          Respondent, pro se, precluded.
          Mark H. Shawhan, for the Attorney General of the State
of New York, amicus curiae.

PIGOTT, J.:

          Real Property Actions and Proceedings Law § 1371

delineates the steps a lender must take in a mortgage foreclosure

action before securing a deficiency judgment against a borrower

(RPAPL 1371 [1]-[4]).  On this appeal, we examine not only the

sufficiency of the proof that a lender must submit in order to

- 1 -

establish its entitlement to a deficiency judgment, but also what actions a court must take in the event the lender fails to meet its burden in the first instance.

I.

Plaintiff Flushing Savings Bank, FSB (FSB) was the owner and holder of a note secured by a mortgage on commercial property in Brooklyn.  Defendant Pierre Bitar, the mortgagor and obligor on the note, defaulted under the terms of the note.  FSB commenced a mortgage foreclosure action against Bitar (and others) in March 2010.  Neither Bitar nor any of the other named defendants answered the complaint.[1]

Supreme Court appointed a referee to compute the amount due FSB and conduct a sale of the property.  The referee stated in his December 13, 2010 report that FSB was owed $690,642.23.  In March 2011, Supreme Court confirmed the referee's report, granted FSB a judgment of foreclosure, awarded FSB $690,642.23 plus interest and fees, advances, costs and disbursements, and directed that the property be sold at a public auction.  Supreme Court further ordered that should the proceeds of the sale be insufficient to pay the amount due and owing to FSB, FSB could recover the deficiency from Bitar in accordance with RPAPL 1371.

On August 11, 2011, the property was sold at auction to FSB (the highest bidder) for $125,000.  The referee delivered the

---

[1]  The New York State Attorney General has submitted an amicus curiae brief in opposition to FSB's arguments on the appeal to this Court.

deed to FSB on September 13, 2011.  According to the referee's report of sale issued on that date, FSB was owed $793,724.75 at the time of sale less FSB's $125,000 bid, leaving a deficiency of $668,724.75.  FSB retained a New York State licensed appraiser to inspect the interior and exterior of the premises.  The appraiser concluded that the fair market value of the property as of the date of sale was $475,000.

On November 23, 2011, FSB moved for an order confirming the referee's report of sale and for a deficiency judgment against Bitar in the amount of $318,724.75, representing the outstanding amount of $793,724.75 less the alleged fair market value of $475,000.  In addition to its submission of the referee's report, FSB proffered a four-paragraph affidavit from its licensed appraiser, who stated that he was "well acquainted with real estate values in [Kings] County" and that he had "made a personal exterior and interior inspection of the premises . . ."  As to the property's fair market value, the appraiser opined that

> "[b]ased on said inspection and after
> reviewing comparable sales, examination of
> the neighborhood, market and general economic
> trends, comparable rentals, expense data and
> subject to the reasonable assumption that
> there have not been substantial changes in
> occupancy and condition, deponent is of the
> opinion that the market value of the premises
> as of August 11, 2011, was $475,000, which
> valuation is consistent with the valuation of
> the premises as of October 5, 2011, the date
> of inspection."

Bitar, although personally served with the motion papers, did not

oppose FSB's motion.

In March 2012, Supreme Court granted FSB's motion to confirm the referee's report, but denied its motion for a deficiency judgment, holding that the four-paragraph affidavit from the appraiser was "conclusory" and lacked "any specific information regarding how he reached his fair market value determination."  Supreme Court held that FSB failed to meet its burden of establishing the fair market value of the premises. FSB unsuccessfully moved for renewal and reargument, with the court holding that FSB failed to identify new facts that would have changed the court's prior determination and also failed to identify any facts or law that the court had overlooked.

The Appellate Division affirmed, holding that "Supreme Court was entitled to reject the opinion of [FSB's] appraiser as without probative value in light of the lack of evidentiary foundation set forth in his affidavit" (106 AD3d 690, 691 [2d Dept 2013] [citations omitted]).  We granted FSB leave to appeal.

II.

FSB asserts that its appraiser's affidavit was sufficient to establish the property's fair market value because there was no conflicting evidence of market value presented to Supreme Court and that, absent any opposition to FSB's submission, Supreme Court should have accepted its appraiser's valuation.  We disagree.

Under RPAPL 1371, a lender is entitled to move for a

deficiency judgment against the borrower so long as the motion is brought on notice to the borrower "within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser . . ." (RPAPL 1371 [2]). The deficiency judgment represents "the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher" (BTC Mtge. Invs. Trust 1997-SI v Altamont Farms, 284 AD2d 849, 849-850 [3d Dept 2001] [citations omitted]). It is the lender who bears the initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale (see National Bank of N. Am. v Systems Home Improvement, 69 AD2d 557, 562 [2d Dept 1979], affd for reasons stated below 50 NY2d 814 [1980]; see also Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670 [2d Dept 2013]; BTC Mtge. Invs. Trust 1997-SI, 284 AD2d at 850; Marine Midland Bank v Harrigan Enters., 118 AD2d 1035, 1037 [3d Dept 1986]).

We agree with Supreme Court that FSB failed to meet its initial burden of establishing the fair market value of the property. The appraiser's four-paragraph affidavit consisted of two paragraphs that briefly covered the appraiser's experience and qualifications. The remaining paragraphs set forth the address of the property and the date the appraiser conducted the inspection, and contained conclusory references to "comparable sales" and an examination of "the neighborhood, market and

general economic trends, comparable rentals [and] expense data."
Although the appraiser opined that the property had a fair market
value of $475,000, that opinion was unsupported by any detailed
analysis of the data and valuation criteria he utilized in
reaching his valuation.  Nor did the appraiser affix to his
affidavit any evidence substantiating his opinion, which would
have assisted the court in reaching a determination as to the
property's fair market value.  Moreover, although the appraiser
claimed to have examined the interior and exterior of the
building, he made no attempt to describe the building's condition
or what his inspection of the property revealed.  Simply put, the
appraiser's affidavit consisted of little more than conclusory
assertions of fair market value, and, therefore, Supreme Court
properly refused to accept the appraiser's valuation.

Contrary to FSB's contention, it is of no moment that
Bitar failed to submit any evidence in opposition to the motion.
FSB had the initial burden of establishing fair market value
through the submission of sufficient proof that would have
permitted the court to render a determination as to the
property's fair market value.  Absent such proof, Supreme Court
had no basis to award FSB a deficiency judgment, notwithstanding
the fact that FSB's submission was unrebutted.

III.

FSB next contends that, once Supreme Court determined
that the appraiser's affidavit was insufficient to meet FSB's

burden, it should not have denied the motion, but rather, should have directed FSB to submit additional proof or taken additional steps in order to make a fair market value determination.  We agree.

RPAPL 1371 (2) directs that, when a lender makes a motion for a deficiency judgment,

> "the court, whether or not the respondent appears, <u>shall</u> determine, upon affidavit or otherwise as it <u>shall</u> direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and <u>shall</u> make an order directing the entry of a deficiency judgment" (emphases supplied).

This provision is a directive that a court must determine the mortgaged property's "fair and reasonable market value" when a motion for a deficiency judgment is made.  As such, when the court deems the lender's proof insufficient in the first instance, it must give the lender an additional opportunity to submit sufficient proof, so as to enable the court to make a proper fair market value determination.[2]

Here, FSB failed to meet its burden in the initial application.  However, rather than denying the deficiency judgment motion outright, Supreme Court should have permitted FSB

---

[2] We express no opinion as to what steps a court may take in the event the lender, having been given an additional opportunity to submit the necessary and relevant proof, nonetheless submits inadequate proof in the second instance.

to submit additional proof establishing fair market value (see

e.g. Eastern Sav. Bank, FSB, 112 AD3d at 671 [remitting the

matter to Supreme Court for further proceedings, with said

proceedings including the lender's submission "of proof in

admissible form describing the subject premises and comparable

sales and market data"]; see also UFP Atlantic Div., LLC v Route

299 Retail Ctr., LLC, 2014 WL 2986864, *3-*4, 2014 US Dist LEXIS

89927, *10-*11 [ND NY July 2, 2014] [staying motion for

deficiency judgment and directing holder of mortgage note to

submit evidence establishing fair market value of the property

within 30 days of the order, and ordering dismissal of the motion

for deficiency judgment if note holder failed to submit such

evidence]).

It is, of course, within the court's discretion to

elucidate the type of proof it requires so it can render a proper

determination as to fair market value.  The court may also order

a hearing if it deems one necessary.  In proceedings that are

governed by section 1371, the court is in the best position to

determine the type of proof that will allow it to comply with the

directives of that section.  Lenders seeking deficiency

judgments, however, must always strive to provide the court with

all the necessary information in their first application.

Accordingly, the order of the Appellate Division should

be modified, without costs, by remitting to Supreme Court for

further proceedings in accordance with this opinion, and, as so

modified, affirmed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order modified, without costs, by remitting to Supreme Court,
Kings County, for further proceedings in accordance with the
opinion herein and, as so modified, affirmed.  Opinion by Judge
Pigott.  Chief Judge Lippman and Judges Read, Rivera, Abdus-
Salaam, Stein and Fahey concur.


Decided June 4, 2015