■ FLUSHING SAVINGS BANK, FSB, Appellant, v FERNANDO VIEGAS, Defendant, and JOSE VIEGAS, Respondent. [38 NYS3d 572]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 30, 2013, which denied its motion to confirm a referee's report of sale dated July 25, 2013, and for leave to enter a deficiency judgment against the defendants in the principal sum of $331,221.96, and (2) an order of the same court, entered February 24, 2014, which denied its motion for leave to renew the prior motion.

Ordered that the order entered February 24, 2014, is reversed, on the law, the plaintiff's motion for leave to renew its prior motion to confirm the referee's report of sale dated July 25, 2013, and for leave to enter a deficiency judgment against the defendants in the principal sum of $331,221.96 is granted, upon renewal, the order entered October 30, 2013, is vacated, and the plaintiff's motion to confirm the referee's report of sale dated July 25, 2013, and for leave to enter a deficiency judgment against the defendants in the principal sum of $331,221.96 is granted; and it is further,

Ordered that the appeal from the order entered October 30, 2013, is dismissed as academic in light of our determination on the appeal from the order entered February 24, 2014; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to foreclose a mortgage on certain real property, and obtained a judgment of foreclosure and sale. On May 21, 2013, the property was sold at a public auction by a referee. The plaintiff subsequently moved to confirm the referee's report of sale dated July 25, 2013, and for leave to enter a deficiency judgment against the defendants in the principal sum of $331,221.96. In support of its motion, the plaintiff submitted an affidavit of a certified appraiser opining as to the fair market value of the subject property as of the date of the foreclosure sale. In an order entered October 30, 2013, the Supreme Court denied the motion, determining that the affidavit of the appraiser was conclusory and that the plaintiff had therefore failed to meet its prima facie burden of demonstrating the fair market value of the subject property.

The plaintiff thereafter moved for leave to renew its prior motion, submitting a certified appraisal report prepared by the appraiser who had submitted the prior affidavit. In an order entered February 24, 2014, the Supreme Court denied the motion for leave to renew. The plaintiff appeals from both orders.

RPAPL 1371 (2) permits the mortgagee in a mortgage foreclosure action to recover a deficiency judgment for " 'the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher' " (*Flushing Sav. Bank, FSB v Bitar*, 25 NY3d 307, 312 [2015], quoting *BTC Mtge. Invs. Trust 1997-SI v Altamont Farms*, 284 AD2d 849, 849-850 [2001]). The lender bears the initial burden of demonstrating, prima facie, the property's fair market value as of the auction date (*see Flushing Sav. Bank, FSB v Bitar*, 25 NY3d at 312; *National Bank of N. Am. v Systems Home Improvement*, 69 AD2d 557, 562 [1979], *affd* 50 NY2d 814 [1980]). However, RPAPL 1371 (2) specifies that, when a motion for a deficiency judgment is made, the court must determine the mortgaged property's fair and reasonable market value. Accordingly, the Court of Appeals held in *Flushing Sav. Bank, FSB v Bitar* (25 NY3d 307 [2015]) that when the lender's proof is insufficient in the first instance, the court "must give the lender an additional opportunity to submit sufficient proof, so as to enable the court to make a proper fair market value determination" (*id.* at 313-314).

In light of the holding of the Court of Appeals in *Flushing Sav. Bank, FSB v Bitar* (25 NY3d 307 [2015]), we must reverse the order entered February 24, 2014, and grant the plaintiff's motion for leave to renew its prior motion to confirm the referee's report of sale and for leave to enter a deficiency judgment. Upon renewal, the plaintiff made a prima facie showing that the fair and reasonable market value of the property was $350,000 at the time of the foreclosure sale. In opposition, the defendants failed to raise an issue of fact warranting an evidentiary hearing (*see Sicuranza v McDonald*, 83 AD3d 1041, 1042 [2011]; *cf. People's United Bank v Lakewood Gardens, LLC*, 131 AD3d 521, 522 [2015]). Accordingly, upon renewal, we vacate the order entered October 30, 2013, and grant the plaintiff's motion to confirm the referee's report of sale dated July 25, 2013, and for leave to enter a deficiency judgment against the defendants in the principal sum of $331,221.96.

In light of our determination, the appeal from the order entered October 30, 2013, has been rendered academic. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.