Capital Bank, a Division of Chemung Canal Trust Company, Plaintiff,

against
868 Little East Neck Road Realty, LLC, William C. McCulloh, Joseph Giella, New York State Department of Taxation and Finance, and CR Computer Repair & Sales, Inc., D/B/A CR Computer, Inc., Defendants.


604989-15

Konner Teitelbaum & Gallagher
Attorneys for Plaintiff
462 Seventh Avenue, 12th Floor
New York, New York 10018
 
McCulloh & Kelliher, P.L.L.C.
Attorneys for Defendants
974 Little East Neck Road
West Babylon, New York 11704 


Elizabeth H. Emerson, J.

Upon the following papers read on this motion for deficiency ; Order to Show Cause and supporting papers 89-97; 99 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers102-116 ; Replying Affidavits and supporting papers119-124; it is,
ORDERED that the branch of the motion by the plaintiff which is to confirm the Referee's report of sale is granted; and it is further
ORDERED that the branch of the motion by the plaintiff which is for leave to enter a [*2]deficiency judgment against the defendants 868 Little East Neck Road Realty, LLC; William C. McCulloh; and Joseph Giella is stayed; and it is further
ORDERED that, on or before July 7, 2017, the plaintiff is directed to submit evidence establishing the fair market value of the mortgaged premises as of the date that such premises were auctioned by the Referee; and it is further
ORDERED that any evidence submitted to the court shall also be served on the defendants 868 Little East Neck Road Realty, LLC; William C. McCulloh; and Joseph Giella, who shall submit any response thereto on or before July 21, 2017.
A mortgagee is entitled to a deficiency judgment equal to the amount of the indebtedness less the sale price of the property or the fair market value, whichever is higher (RPAPL 1371 [2]; Columbus Realty Inv. Corp. v Gray, 240 AD2d 529, 530). When a motion for a deficiency judgment is made, the court must determine the fair and reasonable market value of the mortgaged premises as of the date such premises were bid at action (Id.; Flushing Sav. Bank, FSB v Viegas,143 AD3d 663, 664). The lender bears the initial burden of demonstrating, prima facie, the property's fair market value as of the auction date (Id.). The lender meets its burden by submitting a detailed appraisal prepared by a certified appraiser pursuant to Executive Law § 160-a (5) (a) (White Knight NYC Ventures, LLC v 15 West 17th Street, LLC, 110 AD3d 576). While the plaintiff has submitted such an appraisal, the valuation date is December 1, 2016, which is approximately seven weeks after the auction was held. Accordingly, the plaintiff has not established, prima facie, the fair market value of the premises as of the date of the auction.
In Flushing Sav. Bank FSB v Bitar(25 NY3d 307), the Court of Appeals held that, when a lender's proof is insufficient in the first instance, the court must give the lender an additional opportunity to submit sufficient proof to enable the court to make a proper determination as to fair market value (Flushing Sav. Bank, FSB v Viegas, supra). Moreover, the court may, in its discretion, elucidate the type of proof it requires (Flushing Sav. Bank FSB v Bitar, supra at 314). An affidavit from the plaintiff's appraiser stating that, in his opinion, the value of the property on the date of the sale was the same as its value on the date of the appraisal would be sufficient (see, People's United Bank v Lakewood Gardens, LLC, 131 AD3D 521, 522). Accordingly, the branch of the motion which is for a deficiency judgment is stayed for the plaintiff to submit such an affidavit or other proof demonstrating the fair market value of the property on the date of the auction.
In opposition to the branch of the plaintiff's motion which is to confirm the Referee's report of sale, the defendants 868 Little East Neck Road Realty, LLC; William C. McCulloh; and Joseph Giella (the "defendants") contend that the Referee incorrectly calculated the interest owed. The defendants made the same argument in opposition to the plaintiff's motion for an order confirming the Referee's report of the amount due and for a judgment of foreclosure and sale, which was granted by an order of this court dated August 2, 2016. The court adheres to its prior determination and declines to recalculate the interest owed for the reasons stated in the order dated August 2, 2016. Accordingly, the branch of the motion which is to confirm the Referee's report of sale is granted. 
Finally, in the absence of a formal notice of cross-motion, the court declines to entertain the defendants' requests for affirmative relief (see generally, Fried v Jacob Holding, Inc., 110 AD3d 56).
Dated: June 8, 2017
Hon. Elizabeth H. Emerson