Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group, Inc. (2020 NY Slip Op 01423)





Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group, Inc.


2020 NY Slip Op 01423


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528698 528861

[*1]Gulf Coast Bank & Trust Co., as Assignee of Tennessee Commerce Bank, Respondent,
v
Virgil Resort Funding Group, Inc., et al., Defendants, and Kevin Walsh, Appellant.

Calendar Date: January 9, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for appellant.
Altabet Law LLC, New York City (Edward D. Altabet of counsel), for respondent.



Aarons, J.
Appeals from two orders of the Supreme Court (Reynolds Fitzgerald, J.), entered January 3, 2019 and March 7, 2019 in Cortland County, which, among other things, granted plaintiff's motion for summary judgment against defendant Kevin Walsh.
Defendant Kevin Walsh (hereinafter defendant) executed a promissory note in favor of Green Lake, LLC in the amount of $435,000 and conveyed the subject property to Green Lake in July 2009. The note had a maturity date of July 2, 2010. In November 2010, defendant and defendant Virgil Resort Funding Group, Inc. (hereinafter VRFG) executed a deed-back agreement providing, among other things, that Green Lake, as the fee owner of the subject property, would convey title of the subject property to VRFG and that VRFG would hold title until the loan between Green Lake and defendant was satisfied. Once this loan was satisfied, title of the subject property would by conveyed back to defendant. Defendant and VRFG also executed a lease under which defendant would provide rental payments to VRFG. On January 7, 2011, VRFG executed a note in favor of Tennessee Commerce Bank (hereinafter TCB) in the amount of $440,000 secured by a mortgage on the subject property. As an additional security for the loan, VRFG gave TCB an assignment of rents dated January 7, 2011. That same day, the money acquired in the loan from TCB was used to pay off the loan given by Green Lake to defendant, the receipt of which by Green Lake was confirmed on January 14, 2011.
Based upon VRFG's default in making payments due, plaintiff, in November 2016, commenced this mortgage foreclosure action.[FN1] Defendant answered and, as an affirmative defense, alleged that plaintiff could not foreclose on the subject property because he, and not VRFG, was its owner. Defendant also admitted that VRFG borrowed money from TCB to pay off his loan with Green Lake. In May 2017, plaintiff filed an amended complaint alleging that the money loaned by TCB to VRFG was used to satisfy defendant's debt to Green Lake. The amended complaint added, as relevant here, an equitable subrogation claim, specifically alleging that plaintiff was to be subrogated to the rights of VRFG. In June 2018, plaintiff moved, among other things, to amend the amended complaint to conform to the proof and for summary judgment. As part of its motion, plaintiff submitted a proposed second amended complaint in which it alleged that it should be subrogated to the rights of Green Lake. Supreme Court, as relevant here, permitted plaintiff to amend the amended complaint and granted it summary judgment on its claim for equitable subrogation. An order of reference was subsequently issued. These appeals ensued. We affirm.
Under the theory of equitable subrogation, "[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder"
(King v Pelkofski, 20 NY2d 326, 333 [1967] [internal quotation marks and citation omitted]). "[S]ubrogation is not a matter of right but an equitable doctrine, designed to promote justice and is thus dependent on the particular relationship of parties and nature of controversy in each case" (Matter of Costello v Geiser, 85 NY2d 103, 109 [1995]).
Defendant primarily contends that the equitable subrogation claim is time-barred. According to defendant, the equitable subrogation claim accrued in July 2010 — i.e., when the note between defendant and Green Lake matured. As such, defendant maintains that the action was untimely because it was commenced in November 2016 — i.e., four months after the statute of limitations expired.[FN2] We disagree. "A cause of action seeking to establish a lien pursuant to the doctrine of equitable subrogation . . . begins to run upon the occurrence of the wrongful act giving rise to a duty of restitution" (U.S. Bank N.A. v Salem, 164 AD3d 1289, 1290 [2018]). In our view, the equitable subrogation claim accrued in January 2011 — more specifically, when the money from the loan given by TCB to VRFG was used to satisfy defendant's debt to Green Lake. In that regard, at the specific moment when VRFG executed a note and mortgage with TCB, VRFG held an ownership interest in the subject property per the terms of the deed-back agreement between defendant and VRFG. As such, VRFG was able to pledge the subject property as security for the loan from TCB. VRFG's ownership, however, ceased once the money from the TCB loan was used to pay off the loan between defendant and Green Lake and, under the deed-back agreement, VRFG's ownership interest was transferred to defendant. In other words, not only did the money from TCB to VRFG extinguish defendant's indebtedness to Green Lake, it also gave defendant ownership of the very property that was the security for the loan executed between VRFG and TCB. More to the point, it was at this time that defendant would have been unjustly enriched. Accordingly, we find that the equitable subrogation claim accrued in January 2011 and that the original complaint was filed within six years thereof.
The inquiry, however, does not end there. Plaintiff did not allege an equitable subrogation claim in the original complaint. Rather, plaintiff first asserted it in the amended complaint and then again in the second amended complaint, both of which were interposed after the statute of limitations expired in January 2017. Plaintiff thus relies on the relation back doctrine to have the equitable subrogation claim deemed as interposed in the original complaint. "Under the relation back doctrine, an otherwise untimely claim in an amended pleading will be deemed interposed at the time of the original pleading unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (Lawyers' Fund for Client Protection of the State of N.Y. v JP Morgan Chase Bank, N.A., 80 AD3d 1129, 1130 [2011] [internal quotation marks and citations omitted]).
We conclude that the original complaint gave defendant notice of the transactions at issue. It is undisputed that the money from the loan between TCB and VRFG was used to satisfy defendant's debt to Green Lake. The record also discloses that the two transactions — the loan to VRFG from TCB and the satisfaction of the debt to Green Lake — both took place on January 7, 2011. As such, the loan between TCB and VRFG cannot be viewed as an isolated transaction but, rather, as connected to the satisfaction of the Green Lake loan. Furthermore, even though the original complaint only alleged facts pertaining to the mortgage between TCB and VRFG, defendant signaled his awareness that the Green Lake loan was at issue by alleging facts in his answer pertaining to such loan. Given that the original complaint gave defendant notice of the transactions to be proved in the amended pleadings, Supreme Court correctly found that the equitable subrogation claim related back to the original complaint (see US Bank N.A. v Gestetner, 103 AD3d 962, 965 [2013]).[FN3]
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Plaintiff purchased the note and mortgage from the Federal Deposit Insurance Corporation following TCB's placement in FDIC receivership.

Footnote 2: The statute of limitations for an equitable subrogation claim is six years (see CPLR 213 [1]).

Footnote 3: To the extent that defendant contends that plaintiff was incorrectly granted summary judgment on the merits of the equitable subrogation claim, we find such contention to be without merit (see generally King v Pelkofski, 20 NY2d at 333).