U.S. Bank, N.A. v 199-02 Linden Blvd. Realty, LLC (2021 NY Slip Op 04991)





U.S. Bank, N.A. v 199-02 Linden Blvd. Realty, LLC


2021 NY Slip Op 04991


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-09778
 (Index No. 30867/09)

[*1]U.S. Bank, N.A., plaintiff, 
v
199-02 Linden Blvd. Realty, LLC, et al., respondents, et al., defendant; VNB New York Corp., nonparty- appellant.


Kriss & Feuerstein LLP, New York, NY (Tiffany L. Henry, Michael J. Bonneville, and Jason S. Leibowitz of counsel), for nonparty-appellant.
The Rosenfeld Law Office, Lawrence, NY (Avinoam Y. Rosenfeld of counsel), for respondents.
In an action to foreclose a mortgage, nonparty VNB New York Corp. appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated July 22, 2016. The order, insofar as appealed from, (1) denied, without a hearing, those branches of the motion of nonparty VNB New York Corp. which were to confirm a referee's report of sale of the mortgaged premises, to determine the fair market value of the mortgaged premises as of the date of sale, and for leave to enter a deficiency judgment against the defendants 199-02 Linden Blvd. Realty, LLC, and Jerome Greenbaum in the principal sum of $988,405.16, and (2) denied that branch of the motion which was, in effect, in the alternative, for a hearing to determine the fair market value of the mortgaged premises as of the date of sale. The appeal brings up for review so much of an order of the same court dated March 15, 2019, as, upon reargument, in effect, adhered to the determination in the order dated July 22, 2016, denying, without a hearing, those branches of the motion of nonparty VNB New York Corp. which were to confirm a referee's report of sale of the mortgaged premises, to determine the fair market value of the mortgaged premises as of the date of sale, and for leave to enter a deficiency judgment against the defendants 199-02 Linden Blvd. Realty, LLC, and Jerome Greenbaum (see CPLR 5517[b]).



DECISION & ORDER
Motion by the defendants 199-02 Linden Blvd. Realty, LLC, and Jerome Greenbaum to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 26, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto, and upon submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss as academic the appeal from so much of the order dated July 22, 2016, as denied that branch of the motion of nonparty VNB New York Corp. which was, in effect, in the alternative, for a hearing to determine the fair market value of the mortgaged premises as of the date of sale is granted, as that portion of the order was, in effect, vacated by the order dated March 15, 2019, and the motion is otherwise denied; and it is further,
ORDERED that the appeal from so much of the order dated July 22, 2016, as denied, without a hearing, those branches of the motion of nonparty VNB New York Corp. which were to confirm a referee's report of sale of the mortgaged premises, to determine the fair market value of the mortgaged premises as of the date of sale, and for leave to enter a deficiency judgment against the defendants 199-02 Linden Blvd. Realty, LLC, and Jerome Greenbaum in the principal sum of $988,405.16 is dismissed, as that portion of the order was superseded by the order dated March 15, 2019, made upon reargument; and it is further,
ORDERED that the order dated March 15, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
Following the commencement of this action to foreclose a mortgage on certain real property, nonparty VNB New York Corp. (hereinafter VNB) obtained a judgment of foreclosure and sale. On or about January 23, 2015, the property was sold at a public auction by a referee. VNB subsequently moved, inter alia, to confirm the referee's report of sale, to determine the fair market value of the mortgaged premises as of the date of sale, and for leave to enter a deficiency judgment against the defendants 199-02 Linden Blvd. Realty, LLC, and Jerome Greenbaum (hereinafter together the defendants) in the principal sum of $988,405.16. The defendants opposed the motion, arguing, inter alia, that VNB failed to present an appraisal supporting its valuation of the subject property. In reply, VNB submitted, among other things, an appraisal report opining as to the fair market value of the property as of February 20, 2014. VNB argued that in the event the Supreme Court found that it failed to demonstrate, prima facie, the fair market value of the property as of the date of auction, rather than denying VNB's motion outright, the court must permit VNB an opportunity to submit additional proof as to valuation. In an order dated July 22, 2016, the court denied VNB's motion, determining that VNB had failed to meet its prima facie burden of demonstrating the fair market value of the mortgaged premises as of the date of sale. VNB appeals.
Subsequently, in an order dated March 15, 2019, the Supreme Court, upon reargument, adhered to its determination in the order dated July 22, 2016, denying, without a hearing, those branches of VNB's motion which were to confirm the referee's report of sale of the mortgaged premises, to determine the fair market value of the mortgaged premises as of the date of sale, and for leave to enter a deficiency judgment against the defendants in the principal sum of $988,405.16. However, the court, upon reargument, in effect, vacated so much of the order dated July 22, 2016, as denied that branch of VNB's motion which was, in effect, in the alternative, for a hearing to determine the fair market value of the mortgaged premises as of the date of sale, and thereupon granted that branch of the motion.
"RPAPL 1371(2) permits the mortgagee in a mortgage foreclosure action to recover a deficiency judgment for the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher" (BTC Mtge. Invs. Trust 1997-SI v Altamont Farms, 284 AD2d 849, 849-850; see New York Commercial Bank v 18 RVC, LLC, 173 AD3d 751, 752). When a lender moves to secure a deficiency judgment against a borrower, "the court . . . shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof" (RPAPL 1371[2]). "It is the lender who bears the initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale" (Flushing Sav. Bank, FSB v Bitar, 25 NY3d 307, 312). "RPAPL 1371 does not require the court to hold an evidentiary hearing; however, where 'a triable issue as to the reasonable market value is presented, that issue should not be decided upon affidavits, but by the court or a referee, so that the witnesses may be subject to observation and cross-examination'" (New York Commercial Bank v 18 RVC, LLC, 173 AD3d at 752-753, quoting TPZ Corp. v Block 7589 Corp., 233 AD2d 496, 497).
Here, contrary to VNB's contention, its submissions were insufficient to meet its burden of establishing that it was entitled to a deficiency judgment (see Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670-671). VNB's submissions, which included evidence of the auction price in the amount of $450,000, as well as an appraisal indicating that the property had an estimated market value of the same amount, were insufficient to satisfy its burden of demonstrating, prima [*2]facie, the property's fair market value as of the date of the auction sale (see Flushing Savings Bank, FSB v Bitar, 25 NY3d at 312-313). The appraisal submitted by VNB was not certified, nor was it accompanied by an affidavit of the appraiser. Moreover, the appraisal stated that the value indicated by the income approach was in the amount of $450,000, while the value indicated by the sales comparison approach was in the amount of $480,000. There was no explanation as to why the Supreme Court should accept the value based on the income approach as opposed to the sales comparison approach. Moreover, the part of the appraisal report that discussed the income approach is incomplete, and the part of the appraisal report that discussed the sales comparison approach is completely omitted from the record. Therefore, the court properly determined that VNB failed to meet its burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale. While the court improperly denied VNB's motion outright without permitting it to submit additional proof, that error was later corrected, when, upon reargument, the court granted VNB a hearing to determine the property's fair market value as of the date of the auction sale.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court