Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group, Inc. (2022 NY Slip Op 00092)





Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group, Inc.


2022 NY Slip Op 00092


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532255
[*1]Gulf Coast Bank & Trust Company, as Assignee of Tennessee Commerce Bank, Respondent,
v
Virgil Resort Funding Group, Inc., et al., Defendants, and Kevin Walsh, Appellant.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for appellant.
Cohen Seglias Pallas Greenhall & Furman, PC, New York City (Edward D. Altabet of counsel), for respondent.



Pritzker, J.
Appeals (1) from a judgment of the Supreme Court (Masler, J.), entered September 16, 2020 in Cortland County, which granted plaintiff's motion for a judgment of foreclosure and sale, and (2) from an order of said court, entered March 19, 2021 in Cortland County, which, among other things, granted plaintiff's motion for a deficiency judgment.
In 2009, defendant Kevin Walsh (hereinafter defendant) executed a promissory note, with a maturity date of July 2, 2010, in favor of Green Lake, LLC in the amount of $435,000 to buy certain timeshare units. To secure that loan, defendant conveyed to Green Lake the deed to his vacation home located in the Town of Virgil, Cortland County (hereinafter the subject property).[FN1] In November 2010, after defendant had issues repaying the Green Lake loan on schedule, defendant and defendant Virgil Resort Funding Group, Inc. (hereinafter VRFG) offered to use a line of credit with Tennessee Commerce Bank (hereinafter TCB) to help defendant. To effectuate this, VFRG executed a deed-back agreement which provided, among other things, that Green Lake, as the fee owner of the subject property, would convey title of the subject property to VRFG, which would hold title until the loan between Green Lake and defendant was satisfied. Once satisfied, title of the subject property would be conveyed back to defendant. VRFG and defendant also executed a lease under which defendant would provide rental payments to VRFG. In January 2011, VRFG executed a note in the amount of $440,000 in favor of TCB secured by a mortgage on the subject property. As additional security for the loan, VRFG gave TCB an assignment of rents. The money acquired in the loan from TCB was used to pay off the loan given by Green Lake to defendant and the subject property was then conveyed back to defendant. Subsequently, after TCB was placed in a receivership with the Federal Deposit Insurance Corporation (hereinafter FDIC), plaintiff purchased the note and mortgage from FDIC.
In November 2016, after VRFG defaulted in making payments due, plaintiff commenced this mortgage foreclosure action. Defendant, in his answer, alleged, as an affirmative defense, that plaintiff could not foreclose on the subject property because he, and not VRFG, was its owner. Plaintiff then amended its complaint and included a cause of action under the theory of equitable subrogation, specifically alleging that the money loaned by TCB to VRFG was used to satisfy defendant's debt to Green Lake and that plaintiff was to be subrogated to the rights of VRFG. Then, in June 2018, plaintiff moved for, among other things,[FN2] summary judgment against defendant. Supreme Court (Reynolds Fitzgerald, J.), as relevant here, permitted plaintiff to amend the amended complaint and granted it summary judgment on its claim for equitable subrogation. An order of reference was then issued.
Defendant appealed, arguing that the claim of equitable subrogation was time-barred and that equitable subrogation [*2]was improperly applied. This Court disagreed and affirmed Supreme Court's decision to grant the motion for summary judgment, holding that the claim was not time-barred and that equitable subrogation was properly applied (180 AD3d 1297, 1299-1300 [2020], lv dismissed 36 NY3d 959 [2021]). With the appeal resolved, plaintiff moved for a judgment of foreclosure and sale, which Supreme Court (Masler, J.) granted in September 2020. Supreme Court found that this Court's affirmance of the initial grant of summary judgment based on equitable subrogation was law of the case and, thus, binding on the court. Because of the subrogation, Supreme Court concluded that plaintiff was entitled to recover from defendant for the debt owed. As part of that grant for a judgment of foreclosure and sale, a referee compiled a referee's report on the subject property, sold it to the highest bidder at auction in November 2020, which was plaintiff, and calculated a total deficiency of $693,644.56. Defendant appeals from this judgment.
In January 2021, plaintiff moved to confirm the referee's report of sale and for a deficiency judgment against defendant. By order entered March 19, 2021, Supreme Court granted the motion, ordered defendant to pay plaintiff $686,600.56 and stayed enforcement of any payments until defendant's appeal of the September 2020 judgment was resolved. Defendant also appeals from the March 2021 order granting plaintiff's motion for a deficiency judgment.
Defendant contends that he is not liable for the deficiency because he was not involved in the promissory note between VFRG and TCB and that is the particular debt that was computed by the referee. However, we agree with plaintiff that this issue has already been decided and that decision is law of the case. The doctrine of law of the case "is a judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided" (People v Evans, 94 NY2d 499, 503 [2000] [internal quotation marks and citation omitted]; accord Ahmed v Carrington Mtge. Servs., LLC, 189 AD3d 960, 962 [2020]). This doctrine presents itself in two scenarios: (1) when a second court of the same hierarchical jurisdiction becomes involved in the same matter and (2) when a court, on remand, is presented with a ruling from a reviewing court (see People v Evans, 94 NY2d at 503-504). The doctrine, however, only applies "when the prior ruling directly passed upon a question of law that is essential to the determination of the matter" (Karol v Polsinello, 127 AD3d 1401, 1402 [2015]; see Scofield v Trustees of Union Coll., 288 AD2d 807, 808 [2001]).
Here, Supreme Court (Reynolds Fitzgerald, J.) found that defendant became liable to plaintiff under the doctrine of equitable subrogation because otherwise defendant would obtain an almost ideal result — a fully repaid loan and the deed to the subject property all the while paying almost nothing himself. In so finding, the court relied on the [*3]notion that "[t]he doctrine of equitable subrogation applies where the funds of a mortgagee are used to satisfy the lien of an existing, known encumbrance when, unbeknown to the mortgagee, another lien on the subject property exists which is senior to his but junior to the one satisfied with the funds." On appeal, this Court's affirmance directly addressed the subject of equitable subrogation and determined that there was no merit to defendant's contention that equitable subrogation was inapplicable in the matter (180 AD3d at 1299 n 3). This Court also concluded that the loan from TCB to VFRG was "connected to the satisfaction of the Green Lake loan" (id. at 1300). This Court's decision cemented equitable subrogation as law of the case as we directly addressed the subject and the question of law presented by it. Supreme Court (Masler, J.), presented with law of the case from this Court, a court with appellate jurisdiction, properly chose to not disturb that conclusion and proceed along the equitable subrogation line of reasoning. Thus, defendant's contentions to the contrary are simply an effort to rehash what was already decided by this Court as part of the previous appeal.
We turn now to defendant's assertion that Supreme Court erred by granting plaintiff's motion for a judgment of foreclosure and sale and a deficiency judgment; we find RPAPL 1351 and 1371 to be instructive. RPAPL 1351 (1) provides a court with express authority to "direct that the mortgaged premises . . . be sold by . . . a referee within [90] days of the date of the judgment." Pursuant to RPAPL 1371, a court may award a deficiency judgment for the remaining balance of a debt owed, or a portion of said debt, following the sale of a mortgaged property if a motion for an order confirming the sale and a motion for a deficiency judgment are filed within 90 days of the actual sale and properly served (see RPAPL 1371 [1], [2]; Cicero v Aspen Hills II, LLC, 85 AD3d 1411, 1412 [2011]).[FN3] The sale of the subject property occurred on November 19, 2020 and the motion for the deficiency judgment was filed on January 25, 2021; thus, the notice satisfied the 90-day statutory requirement (see RPAPL 1371 [2]). Because the equitable subrogation determination facilitated plaintiff's ability to recover via a foreclosure on the subject property, despite no privity between plaintiff and defendant, we discern no error in Supreme Court ordering the foreclosure and the deficiency judgment after the sale of the foreclosed property, inasmuch as a portion of the debt owed remained (see RPAPL 1371 [2]). To the extent that defendant is arguing that the amount of the deficiency judgment was erroneously based on the amount due under the TCB note, rather than the Green Lake note, we find that where, as here, a subsequent note is executed to pay off an earlier debt, we discern no error in basing the deficiency judgment upon the outstanding amount due under the subsequent note.
Egan Jr., J.P., Lynch[*4], Clark and Aarons, JJ., concur.
ORDERED that the judgment and order are affirmed, with costs.



Footnotes

Footnote 1: The deed, although absolute on its face, was mere security.

Footnote 2: Plaintiff also moved to amend the amended complaint alleging that it should be subrogated to the rights of Green Lake.

Footnote 3: Normally, "[t]he mortgagee has the initial burden to make a prima facie showing of the fair market value of the property as of the foreclosure sale date" and, if not, "the burden shifts to the mortgagor to establish the highest and best use of the property" (BTC Mtge. Invs. Trust 1997-SI v Altamont Farms, 284 AD2d 849, 850 [2001]). Here, however, the parties mutually agreed on a property value.