Rhinebeck Bank v WA 319 Main, LLC (2022 NY Slip Op 06507)

Rhinebeck Bank v WA 319 Main, LLC

2022 NY Slip Op 06507

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-12021
 (Index No. 50957/17)

[*1]Rhinebeck Bank, respondent, 
v
WA 319 Main, LLC, et al., defendants, Jacob Frydman, appellant.

Lewis S. Fischbein, P.C., Riverdale, NY, for appellant.
Corbally, Gartland & Rappleyea, LLP, Poughkeepsie, NY (Brooke D. Youngwirth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jacob Frydman appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated August 12, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendants WA 319 Main, LLC, and Jacob Frydman in the principal sum of $366,343.12.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant WA 319 Main, LLC, in the principal sum of $366,343.12 is dismissed, as the appellant is not aggrieved from that portion of the order; and it is further,
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant Jacob Frydman in the principal sum of $366,343.12, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of granting the plaintiff leave to enter a deficiency judgment against the defendant Jacob Frydman in the principal sum of $104,186.56, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The plaintiff commenced this action against the defendant Jacob Frydman (hereinafter Frydman), among others, to foreclosure a mortgage encumbering real property located in Poughkeepsie. After entry of a judgment of foreclosure and sale, the property was sold at public auction on October 10, 2018, for the sum of $795,001. Thereafter, the plaintiff moved, inter alia, for leave to enter a deficiency judgment against Frydman in the principal sum of $366,343.12. In support of the motion, the plaintiff submitted a certified appraisal which presented varying possible estimated values for the property, the highest of which was $1,060,000, and the lowest of which was $620,000, representing the "liquidation value" of the property. Based on this evidence, the plaintiff argued that the Supreme Court should accept the estimated liquidation value of $620,000 as the property's market value for purposes of calculating the deficiency judgment, and calculated the [*2]deficiency by taking the difference between the amount that it was owed as calculated by a referee and the sale price at auction of $795,001. In an order dated August 12, 2019, the court, among other things, granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against Frydman in the principal sum of $366,343.12. Frydman appeals.
"RPAPL 1371(2) permits the mortgagee in a mortgage foreclosure action to recover a deficiency judgment for the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher" (New York Commercial Bank v 18 RVC, LLC, 173 AD3d 751, 752 [internal quotation marks omitted]; see Flushing Sav. Bank, FSB v Bitar, 25 NY3d 307, 312). "It is the lender who bears the initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale" (Flushing Sav. Bank, FSB v Bitar, 25 NY3d at 312; see Capital Bank v 868 Little E. Neck Rd. Realty, LLC, 200 AD3d 843, 845). "When a lender moves to secure a deficiency judgment against a borrower, 'the court . . . shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid [o]n at auction or such nearest earlier date as there shall have been any market value thereof'" (U.S. Bank, N.A. v 199-02 Linden Blvd. Realty, LLC, 197 AD3d 1208, 1210, quoting RPAPL 1371[2]).
Here, to the extent that the Supreme Court, in effect, determined that the estimated liquidation value of $620,000 reflected the fair and reasonable market value of the property, this was error. "A property's market value is defined as 'the amount which one desiring but not compelled to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell'" (Manson v Kejo Enters., LLC, 145 AD3d 994, 995, quoting 936 Second Ave. L.P. v Second Corporate Dev. Co., Inc., 10 NY3d 628, 632 [internal quotation marks omitted]; see Plaza Hotel Assoc. v Wellington Assoc., 37 NY2d 273, 277; Heiman v Bishop, 272 NY 83, 86). "'Fair market value' means neither panic value, auction value, speculative value, nor a value fixed by depressed or inflated prices" (Matter of Board of Water Supply of City of N.Y., 277 NY 452, 458-459; see Matter of City of New York, 98 AD2d 166, 191; Mathias v Jacobs, 238 F Supp 2d 556, 576 [SD NY]). Here, the record does not support a finding that the estimated liquidation value of $620,000 constituted the fair and reasonable market value of the property at the time of the foreclosure sale (see Mortgage Corp. of N.Y. v Long Beach on Ocean, Inc., 265 App Div 1015, 1015). Rather, the record supports a determination that the higher estimated value of $1,060,000 presented by the plaintiff's appraiser constituted the fair and reasonable market value of the property at the time of the foreclosure sale. As this value is higher than the auction price for the property, the deficiency judgment must be calculated as the difference between the amount of the indebtedness on the mortgage and $1,060,000 (see RPAPL 1371[1]). Accordingly, we modify the order so as to grant that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against Frydman to the extent of granting the plaintiff leave to enter a deficiency judgment against Frydman in the sum of $104,186.56.
Frydman's remaining contentions are without merit.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court