First Commerce, LLC v Jerath (2024 NY Slip Op 03788)

First Commerce, LLC v Jerath

2024 NY Slip Op 03788

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

CV-23-1368
[*1]First Commerce, LLC, as Assignee of Sterling National Bank, as Successor to Provident Bank, Respondent,
v
Renu S. Jerath, Appellant, et al., Defendants.

Calendar Date:May 28, 2024

Before:Garry, P.J., Egan Jr., Lynch, Fisher and Powers, JJ.

The Law Office of Jeremy Rosenberg, Chestnut Ridge (Jeremy Rosenberg of counsel), for appellant.
McAndrew Vuotto, LLC, Pearl River (Jonathan P. Vuotto of counsel), for respondent.

Egan Jr., J.
Appeals from two judgments of the Supreme Court (Stephan G. Schick, J.), entered January 12, 2023 and July 26, 2023 in Sullivan County, which, among other things, granted plaintiff's motion for a deficiency judgment.
In 2008, defendant Renu S. Jerath (hereinafter defendant) executed a note and mortgage in the amount of $129,000 in favor of Provident Bank, with real property owned by defendant at 20 Broadway, Village of Woodridge, Sullivan County, serving as security for the loan. In 2019, Sterling National Bank, successor by merger with Provident Bank, commenced this foreclosure action, alleging that defendant had defaulted in making payments required under the note and that it was owed $123,391.50. After defendant failed to answer, Supreme Court granted Sterling's motion for an order of reference in October 2020. In March 2021, Sterling assigned the mortgage and note to plaintiff. Plaintiff then moved for a judgment of foreclosure and sale and, in November 2021, Supreme Court granted the motion and appointed a referee to conduct a public auction of the property; at the auction in January 2022, Joel Markowitz successfully bid $70,100 for the property. On March 31, 2022, the referee executed and delivered a deed to YYY Properties, LLC, an entity designated by Markowitz.
On May 17, 2022, defendant moved by order to show cause to vacate the sale of the property, alleging that she had not received notice of the sale. On June 15, 2022, based on assertions, among other things, that defendant would redeem her interest in the property, Supreme Court agreed to vacate the sale and directed the parties to confer and submit a proposed order. On July 20, 2022, Supreme Court issued a written order granting defendant's motion upon the condition that, within 10 days of service of the order with notice of entry, defendant pay all amounts due and owing under the loan. Supreme Court also ordered that, if defendant failed to do so within 10 days, the sale would be confirmed and plaintiff "shall be granted leave to move for entry of a deficiency judgment within [30] days of service of this [o]rder." After defendant failed to make the requisite payments, Supreme Court vacated its prior order and confirmed the sale. On August 16, 2022, plaintiff moved to confirm the sale and for leave to enter a deficiency judgment against defendant and the guarantor of payment of the note, defendant Tri County Medical Associates, PC. In January 2023, Supreme Court granted plaintiff's motion and issued a judgment against both defendant and Tri County Medical Associates, PC for $44,590.04. In July 2023, a statement for judgment was entered. Defendant appeals from the January 2023 and July 2023 judgments.
We affirm. "[A] court may award a deficiency judgment for the remaining balance of a debt owed, or a portion of said debt, following the sale of a mortgaged property if a motion for an order confirming the sale and a motion for a deficiency judgment are filed within 90 days of the actual [*2]sale and properly served" (Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group, Inc., 201 AD3d 1086, 1089 [3d Dept 2022], lvs denied 38 NY3d 909 [2022]; see RPAPL 1371 [1], [2]). Furthermore, "a motion for a deficiency judgment [must] be made 'within [90] days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser' " (Cicero v Aspen Hills II, LLC, 85 AD3d 1411, 1412 [3d Dept 2011], quoting RPAPL 1371 [2]; see Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group, Inc., 201 AD3d at 1089; Procco v Kennedy, 88 AD2d 761, 761 [4th Dept 1982], affd 58 NY2d 804 [1983]). Nevertheless, "[i]t is the rule that a defendant may be estopped to plead [a timeliness defense] where [the] plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]; see Roseview Farms v Pfister, 198 AD2d 339, 341 [2d Dept 1993], lv dismissed 83 NY2d 847 [1994], lvs denied 87 NY2d 804 [1995], 87 NY2d 805 [1995]).
Here, it is undisputed that the referee delivered the deed to YYY Properties, LLC on March 31, 2022, thus commencing the 90-day period for plaintiff to seek a deficiency judgment. It is also undisputed that within the 90-day period, defendant moved by way of order to show cause to vacate the judgment of sale and Supreme Court conditionally granted that motion and directed the parties to submit a proposed order to that effect, which Supreme Court signed on July 20, 2022. While the signing of the order by Supreme Court occurred more than 90 days after the date of the delivery of the deed, defendant waived any timeliness objection she may have had to plaintiff's application for a deficiency judgment by reason of her obtaining an order vacating said judgment that expressly granted plaintiff leave to seek a deficiency judgment if she failed to satisfy the conditions for vacating the sale. Defendant failed to meet the conditions set by Supreme Court, causing the sale to be reinstated, and Supreme Court properly rejected her efforts to argue that the ensuing motion for a deficiency judgment was untimely (see Berkman v Silverstein, 245 App Div 891, 891 [3d Dept 1935]).
Defendant's remaining contentions regarding the insufficiency of plaintiff's proof in establishing the fair market value for the sale of the property lack merit. "[W]hen a lender makes a motion for a deficiency judgment, 'the court . . . shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment' " (Flushing Sav. Bank, FSB v Bitar, 25 NY3d 307, 313 [2015] [emphases omitted], quoting RPAPL 1371 [2]). Plaintiff submitted a report from two real estate brokers who examined the exterior and interior of [*3]the property and compared its condition to recently sold properties with comparable features. These brokers concluded that the property's fair market value was $82,000 as of May 16, 2022. In our view, this proof satisfied plaintiff's prima facie burden of demonstrating the fair market value of the property. While defendant disputes the brokers' determination, it did not submit any expert proof to call their valuation into question. Accordingly, an evidentiary hearing was not required because there were no factual issues to resolve (see Rhinebeck Bank v WA 319 Main, LLC, 210 AD3d 918, 921 [2d Dept 2022]; Flushing Sav. Bank, FSB v Viegas, 143 AD3d 663, 664 [2d Dept 2016]; compare Stone Mtn. Prime LLC v UICC Holding LLC, 122 AD3d 1114, 1115-1116 [3d Dept 2014], lv denied 24 NY3d 917 [2015]).
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgments are affirmed, with costs.