Valley Natl. Bank v 252 W. 31 St. Corp. (2025 NY Slip Op 04528)

Valley Natl. Bank v 252 W. 31 St. Corp.

2025 NY Slip Op 04528

Decided on July 31, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 31, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 850269/21|Appeal No. 3933|Case No. 2024-03806|

[*1]Valley National Bank, Plaintiff-Appellant,
v
252 West 31 St. Corp., et al., Defendants-Respondents, New York City Department of Transportation, Defendant.

Andriola Law, PLLC, New York (James M. Andriola of counsel), for appellant.
Michael Kennedy Karlson, New York (Michael Kennedy Karlson of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about May 22, 2024, which, to the extent appealed from, denied the motion of plaintiff 252 West 31st Street Lender LLC, as successor-in-interest to Valley National Bank, for a deficiency judgment against defendants 252 West 31 St. Corp. and Juan Ortiz, unanimously modified, on the law, to remand the matter for further proceedings to determine the fair and reasonable market value of the subject property pursuant to RPAPL 1371(2), and otherwise affirmed, without costs.
Plaintiff lender moved for a deficiency judgment and submitted the Referee's report of sale and the Referee's deed. Weeks later, and without leave of court, through "supplemental affirmation" and other "supplemental" submissions, plaintiff filed an appraisal report and a supporting affidavit. In denying the motion outright, Supreme Court found that plaintiff failed to submit evidence of any kind establishing fair market value. The court, deeming plaintiff's attempt to supplement its proofs "inappropriate," declined to consider the appraisal and accompanying affidavit.
A lender in a foreclosure action moving for a deficiency judgment "bears the initial burden of demonstrating, prima facie, the property's fair market value as of the date of the auction sale" (Flushing Sav. Bank, FSB v Bitar, 25 NY3d 307, 312 [2015]). Upon a lender's motion for a deficiency judgment, RPAPL 1371(2) provides, in part: "the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment."
The Court of Appeals has interpreted this provision as "a directive that a court must determine the mortgaged property's 'fair and reasonable market value' when a motion for a deficiency judgment is made. As such, when the court deems the lender's proof insufficient in the first instance, it must give the lender an additional opportunity to submit sufficient proof, so as to enable the court to make a proper fair market value determination" (Flushing Sav., 25 NY3d at 313-314).
Plaintiff contends, among other things, that Supreme Court failed to follow Flushing Sav.'s directive that lenders be given an additional opportunity when their proof is insufficient in the first instance. Defendants, for their part, attempt to distinguish Flushing Sav. by arguing that here plaintiff failed to make any showing at all. In other words, the issue is not that plaintiff's proof was insufficient but rather that plaintiff failed to submit any probative evidence whatsoever. Defendants acknowledge plaintiff's submission of the referee's report and deed but argue that auction value is not equivalent to fair market value.
The Court of Appeals in Flushing Sav. cited Eastern Sav. Bank, FSB v Brown (112 AD3d 668, 671 [2d Dept 2013]) and UFP Atl. Div., LLC v Route 299 Retail Ctr., LLC (2014 WL 2986864, *3-4, 2014 US Dist LEXIS 89927, *10-11 [ND NY, July 2, 2014, No. 1:12-CV-00053 (MAD/ATB)]) with approval and in support of the proposition that the court must afford a lender an additional opportunity to submit proof of fair market value when the lender's proofs are insufficient in the first instance (see Flushing Sav.,25 NY3d at 314). In Eastern Sav., the lender's initial submission consisted of a real estate appraiser's conclusory affidavit, two exterior photographs of the subject property, and information purportedly indicating average sale prices in the property's zip code; the lender did not submit an appraisal report (see Eastern Sav.,112 AD3d at 670). In UFP Atl., the lender "submitted no evidence establishing fair market value" in the first instance; the lender's only statement of fair market value was lender's counsel's conclusory assertion that the "fair and reasonable value" of the property on the date of the auction did not exceed $1,000,000.00 (see UFP Atl.,2014 WL 2986864, *3, 2014 US Dist LEXIS 89927, *9-10). In each case, further proceedings were proper for determination of the property's fair market value despite the initial showing's insufficiency (see Eastern Sav., 122 AD3d at 670-671; UFP Atl., 2014 WL 2986864, *3-4, 2014 US Dist LEXIS 89927, *10-11).
Defendants' proposed distinction between insufficient and empty evidentiary showings is thus inapplicable on the present record. Although auction value and fair market values are not synonymous (see Rhinebeck Bank v WA 319 Main, LLC, 210 AD3d 918, 920 [2d Dept 2022] ["Fair market value means neither panic value, auction value, speculative value, nor a value fixed by depressed or inflated prices" (internal quotation marks omitted)]), "[t]he price paid at a public auction can reflect a foreclosed property's fair market value" (see Adirondack Trust Co. v ROS Assoc., 144 AD2d 827, 828 [3d Dept 1988]). Further, while an appraisal report and appraiser's affidavit may in many instances be necessary to determine the fair and reasonable market value of real property (see e.g. Flushing Sav., 25 NY3d at 312-314; Eastern Sav., 112 AD3d at 670), auction value may, as here, be at least somewhat probative on the question of fair market value (see Adirondack Trust, 144 AD2d at 828).
Of note, all plaintiff's filings occurred approximately two months before expiration of the applicable 90-day deadline (see RPAPL 1371[2] ["provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed"]). This is accordingly not the case of an eleventh-hour perfunctory filing transparently made for the practical purpose of obtaining an extension.
Accordingly, although plaintiff's proof was insufficient to meet its prima facie burden, Supreme Court's denial of the motion outright was improper. Rather than denying the motion outright, the court should have given plaintiff an additional opportunity to submit sufficient proof to enable the court to make a fair market value determination (see RPAPL 1371[2]; Flushing Sav., 25 NY3d at 313-314). Upon remittal, both parties will have an opportunity to submit additional evidence of the fair and reasonable market value of the mortgaged premises (see id. at 314 n 2).
Finally, Supreme Court did not abuse or improvidently exercise its discretion in refusing to consider plaintiff's "supplemental" submissions (see e.g. Deutsche Bank Natl. Trust Co. v McEnery, 197 AD3d 1238, 1240 [2d Dept 2021]). Plaintiff's attempt to supplement its submission on its own initiative without leave was, as the court noted, inappropriate. Flushing Sav. does not give plaintiff license to submit its proofs whenever it pleases (see generally 25 NY3d at 312-314). Plaintiff's other authority is neither controlling nor relevant on that point (see e.g. Lawrence v Celtic Holdings, LLC, 85 AD3d 874, 875 [2d Dept 2011]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 31, 2025